Jeffry A. Davis (SBN 103299)
Joseph R. Dunn (SBN 238069)
Abigail V. O'Brient (SNB 265704)
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
Tel:   858-314-1500
Fax:   858-314-1501

William F. Gray, Jr.
Alison D. Bauer
**TORYS LLP**
237 Park Avenue
New York, NY 10017-3142
Tel:   212-880-6000
Fax:   212-682-0200

Attorneys for New Flyer Industries Canada ULC and
New Flyer of America, Inc.

UNITED STATES BANKRUPTCY COURT

Southern District of California

| | |
|---|---|
| In re<br><br>ISE Corporation,<br><br>                    Debtor. | Case No. 10-14198-MM11<br><br>Chapter 11<br><br>**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH § 365(n)(4)**<br><br>Date:   September 23, 2010<br>Time:   10:00 a.m.<br>Dept:   1<br>Judge:  Margaret M. Mann |

New Flyer Industries Canada ULC and New Flyer of America Inc. (together, "New Flyer"), by and through their undersigned counsel, respectfully submit this memorandum of points and authorities (the "Memorandum") in support of their motion (the "Motion") for entry of an order compelling ISE Corporation ("ISE" or the "Debtor") to comply with the provisions of section 365(n)(4) of title 11 of the United States Code (the "Bankruptcy Code").

4999002v.3

# I.

# PRELIMINARY STATEMENT

New Flyer and the Debtor are parties to that certain Agreement for the Design, Production and Supply of the Propulsion Equipment for Hybrid Fuel Cell Buses, dated August 2, 2007, as amended (the "Agreement")[1] in connection with New Flyer supplying buses to BC Transit, the public transportation agency of British Columbia, Canada. An essential component for each bus to function is the propulsion system supplied by the Debtor and referred to as the Hybrid Drive System. The Hybrid Drive System is comprised of, in part, software. Pursuant to the Agreement, ISE was required to enter into an escrow agreement with New Flyer to deposit certain materials into escrow, including the source code of the software. ISE has failed to either enter into the escrow agreement and deliver the materials into escrow or deliver the materials directly to New Flyer. The requirement for an escrow of materials, including the source code, is typically found in contracts like the Agreement to ensure that the technology may be utilized in the event the licensor has a disruption in business. The Debtor has reduced its workforce, has not obtained funding, does not have a purchaser for its business and has given no indication of its ability to reorganize. The Bankruptcy Code affords protections to licensees who find themselves in this predicament, including the right to the intellectual property and the Debtor's performance under the contract prior to any rejection. Accordingly, the software and other deposit materials should be delivered to New Flyer.

# II.

# BACKGROUND

On August 10, 2010 (the "Petition Date"), ISE corporation, (the "Debtor" or ISE") filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of California (the "Court") pursuant to chapter 11 of the Bankruptcy Code.

New Flyer and the Debtor are parties to an Agreement for the Design, Production and Supply of the Propulsion Equipment for Hybrid Fuel Cell Buses, dated August 2, 2007, as amended (the "Agreement"), in connection with New Flyer supplying twenty buses (the "Buses") to BC Transit.

---

[1] The facts described in the Motion and this Memorandum are set forth in the accompanying Declaration of Hans Peper in Support of the Motion (the "Peper Declaration"). A Motion to File the Agreement Under Seal has been filed.

2

4999002v.3

The "propulsion system" to be supplied by ISE to New Flyer, referred to as the Hybrid Drive System (as defined in the Agreement),[2] is the drive train of the Buses, an essential component without which the Buses cannot function. An important component of the Hybrid Drive System is the software that is provided by ISE to New Flyer in connection with the sale of any FC Propulsion System or Service under the Agreement, whether on disk, read only memory, on any other media or in any other form (collectively "Software"). ISE supplied technology, including the software, to New Flyer for use in the Buses.

Pursuant to the Agreement, ISE is required to enter into a technology escrow agreement (the "Escrow Agreement") in a form substantially similar to the model agreement attached as Schedule O to the Agreement with New Flyer and Iron Mountain Intellectual Property Management, Inc. ("Iron Mountain" or the "Escrow Agent") and to deposit certain materials into escrow thereunder. As set forth in the Agreement, the materials to be deposited into escrow include ISE's source code applicable to the Hybrid Drive System supplied by ISE under the Agreement, technical drawings of the Hybrid Drive System together with all relevant written assembly instructions and specifications, a bill of materials for the Hybrid Drive System and a list of suppliers of the sub-components of the Hybrid Drive System (collectively, the "Deposit Materials").

The requirement to escrow the Deposit Materials is for the benefit of New Flyer and, indirectly BC Transit, so that delivery of Buses meeting the necessary specifications (the "Work") and ISE's warranty obligations under the Agreement could be completed without interruption in the event of any bankruptcy filing by or against ISE. Specifically, the Deposit Materials would assist New Flyer in fulfilling its obligations to BC Transit with respect to the propulsion system supplied by ISE.

There is no evidence to suggest that the Debtor will be able to satisfy the Work and ISE's warranty obligations under the Agreement. On July 13, 2010, the Debtor discharged 45 of its employees. On July 15, 2010, the Debtor's parent company, ISE Limited, issued a press release that unless it secures financing, it will cease to operate. On the Petition Date, "ISE issued a press release advising that it is currently in discussions with lenders and strategic partners regarding a potential

---

[2] Capitalized terms used but not defined herein shall have the meanings ascribed to them in the Agreement.

3

debtor in possession ("DIP") financing." To date, the Debtor has not filed pleadings for authority to enter into debtor in possession financing. Thus, it does not appear that ISE has the funding or employment force necessary to fulfill its obligations under the Agreement and the commencement of a bankruptcy case causes additional strain on the limited resources of ISE.

ISE has failed to fully perform as required under the Agreement. As set forth in the Peper Declaration, the propulsion systems it has supplied to New Flyer, including the Hybrid Drive Systems, do not function in accordance with specifications and are impeding the proper functioning of the Buses. In spite of its attempts, ISE has not successfully corrected all problems with the propulsion system, has refused to execute the Escrow Agreement and has refused to deposit the Deposit Materials with Iron Mountain in a timely manner. (Peper Declaration, ¶ 31.)

Without access to the Deposit Materials, New Flyer is unable to fix or service the propulsion systems supplied by ISE. This in turn will cause reputational harm to New Flyer, and interference with New Flyer's contract with BC Transit and New Flyer's ability to market hybrid buses to other transit authorities. BC Transit has currently halted certain test procedures until it has witnessed a significant improvement in the daily reliability of the Buses, which in turn has halted the final bus acceptance process and has caused BC Transit to hold back the final payment due on the attainment of the 15-day test for each bus.

On July 26, 2010, New Flyer filed an application (the "BC Proceeding") in the Supreme Court of British Columbia (the "Canadian Court") for specific performance and other relief, requiring, among other things, ISE to perform under the Agreement by placing the materials into escrow. New Flyer sought an order for specific performance requiring ISE to forthwith deposit the most current version of the Deposit Materials as required by the Escrow Agreement, including providing to Iron Mountain one full copy of the Deposit Materials and taking all other actions required of it to give effect to the provisions of the Escrow Agreement. In the Debtor's Response to Petition, dated August 4, 2010, Part 4, ¶ 5, the Debtor asserted it is prepared to enter into a form of Technology Escrow Agreement consistent with the model form attached as Schedule O to the Agreement. However, ISE asserted that the current form of Iron Mountain's standard form escrow agreements for either Canada or the United States is not acceptable to ISE. Debtor's Response to

4

4999002v.3

1  Petition, dated August 4, 2010, Part 4, ¶ 6. Further, ISE asserted that "[t]here has been no refusal by
2  ISE to deposit the Deposit Materials." Instead, ISE has attempted to shield itself from this admitted
3  obligation by refusing to enter into the current form escrow agreement. A copy of the Debtor's
4  Response to Petition is attached as Exhibit E to the Peper Declaration. The Canadian Court in the
5  BC Proceeding reserved decision, but the filing of the Debtor's petition has stayed the
6  BC Proceeding.
7      On August 10, 2010, New Flyer delivered to the Debtor a written notice pursuant to
8  section 365(n)(4)(2) of the Bankruptcy Code, requesting that ISE deliver to New Flyer a copy of the
9  source code applicable to the Hybrid Drive System supplied by ISE under the Agreement and the
10 other Deposit Materials and not interfere with New Flyer's rights under the Agreement and any
11 supplementary agreements to the Software, Deposit Materials or other intellectual property as
12 provided in the Agreement (including their embodiment). New Flyer also requested, in the
13 alternative, that pursuant to section 365(n)(4)(1), ISE perform under the Agreement by executing the
14 Escrow Agreement and depositing the Deposit Materials into escrow no later than 12 p.m. (Central
15 time) on August 16, 2010. New Flyer annexed to the written request Iron Mountain's current United
16 States standard form escrow agreement. A copy of the written request is attached as Exhibit G to the
17 Peper Declaration. The written request includes Iron Mountain's standard escrow agreement in the
18 United States, executed by New Flyer.

### III.

### RELIEF REQUESTED

21     By this Motion, New Flyer seeks entry of an order of this Court compelling the Debtor to
22 comply with section 365(n)(4) of the Bankruptcy Code in order to enforce its rights pursuant to the
23 Agreement.

### IV.

### BASIS FOR RELIEF REQUESTED

26     Section 365(n) grants powerful rights to a licensee with respect to executory intellectual
27 property license agreements. *See* 11 U.S.C. § 365(n). Until a debtor rejects an agreement to license
28 intellectual property to a licensee, the debtor must continue to perform under the agreement and

5

4999002v.3

honor the license. 11 U.S.C. § 365(n)(4).[3] To invoke the protections of section 365(n), certain statutory requirements must be met: (1) the agreement at issue must be an "executory contract"; (2) the debtor must be "a licensor of a right to intellectual property" under the agreement; and (3) the property at issue must fall under the statutory definition of "intellectual property." 11 U.S.C. § 365(n)(1). Each of these requirements is satisfied here:

First, section 365 governs executory contracts, and the Agreement is clearly an executory contract as contractual obligations are owing by both parties. *See In re Sunterra Corp.*, 361 F.3d 257, 264 (4th Cir. 2004) (applying the Countryman definition of "executory contract" and holding that software license agreement is executory because each party owed at least one continuing material duty, an ongoing confidentiality obligation, to the other under the agreement); *In re Kmart Corp.*, 290 B.R. 614, 618 (Bankr. N.D. Ill. 2003) ("Generally speaking, a license agreement is an executory contract as such is contemplated in the Bankruptcy Code."). The Debtor owes New Flyer performance of the Work, warranties, and the obligation to deposit the Software and other Deposit Material into escrow. In addition, upon satisfactory completion of the Work and payment by BC Transit, New Flyer has payment obligations, subject to recoupment and setoff, to ISE. In addition, each of the parties owes the other a duty of confidentiality. (Agreement, § 39.2.)

Second, pursuant to Section 33.2 of the Agreement, the Debtor granted New Flyer a non-exclusive, non-sublicenseable right and license to use the Software, and pursuant to Section 34.4, upon release from escrow, a non-exclusive, non-sublicenseable right and license to use ISE's Intellectual Property applicable to the Work.

Third, software is considered "intellectual property," as defined in section 101(35A) of the Bankruptcy Code. *See, e.g, Raima UK Ltd. v. Centura Software Corp. (In re Centura Software Corp.)*, 281 B.R. 660, 673-674 (Bankr. N.D. Cal. 2002). Therefore, the Agreement is an executory

---

[3] If a debtor-licensor rejects a license agreement, then Section 365(n) permits the licensee to opt to retain its license rights granted prior to the filing of the bankruptcy petition. *See* 11 U.S.C. § 365(n); *see also In re Prize Frize, Inc.*, 150 B.R. 456, 459 (B.A.P. 9th Cir. 1993) ("If the trustee or debtor in possession rejects an executory contract under which the debtor is a licensor of a right to intellectual property, the licensee may elect to retain its rights under the contract."). If the licensee elects to retain its license rights, then "the trustee shall allow the licensee to exercise such rights" and the trustee "shall . . . not interfere with the rights of the licensee" as provided in the executory contract at issue. 11 U.S.C. §§ 365(n)(2)(A), (n)(3)(B).

6

contract pursuant to which the Debtor is a licensor of a right to intellectual property, and section 365(n) applies to the Agreement.

At present, the Debtor has neither assumed nor rejected the Agreement under section 365. Because section 365 covers the Agreement, the Debtor must continue to perform the Agreement under section 365(n)(4) which provides, in part,:

> Unless and until the trustee rejects such contract, on the written request of the licensee the trustee shall –
>
> (A) to the extent provided in such contract or any agreement supplementary to such contract -- (i) ***perform such contract***; or (ii) provide to the licensee such intellectual property (including any embodiment of such intellectual property to the extent protected by applicable nonbankruptcy law) held by the trustee; **and**
>
> (B) not interfere with the rights of the licensee as provided in such contract, or any agreement supplementary to such contract, to such intellectual property….

11 U.S.C. § 365(n)(4).

The legislative history to section 365(n)(1) describes the right to compel delivery of source code to which the licensee is entitled under its contract.

> Among the rights retained by the licensee electing under new Section 365(n)(1)(B) is the right to any embodiment of the intellectual property to which the parties' contracts entitle the licensee. For instance, the parties might have agreed that the licensor would prepare a prototype incorporating the licensed intellectual property. If such a prototype was prepared prior to the filing of the petition for relief, but had not been delivered to the licensee at that time, then the licensee can compel the delivery of the prototype in accordance with the terms of the rejected license. Other examples of embodiments include genetic material needed to produce certain biotechnological products and computer program source codes.

*S. Rep. No. 505, 100th Cong., 2nd Sess. 1988, 1988 U.S.C.C.A.N. 3200, 1988 WL 169875, S. Rep. 100-505.*

The Debtor has failed to deliver the source code, to perform under the Agreement and to comply with the written request of New Flyer to do so. The intent of the Agreement is that if the Debtor is not operating in the ordinary course or files for bankruptcy protection, the Deposit Materials would be released to New Flyer. Therefore, New Flyer requests that this Court order the Debtor to comply with section 365(n)(4) by delivering the Deposit Materials directly to New Flyer

4999002v.3

1  and foregoing the intermediary step and expense of the Escrow Agreement, which purpose has been
2  mooted by the Debtor's breach.
3        The Debtor granted New Flyer a non-exclusive license to use the Software, so the Debtor
4  may continue to license to others as it sees fit. Moreover, the Agreement requires that copies of the
5  Software and the Deposit Materials be deposited into escrow, not original materials. For these
6  reasons, the Software and the Deposit Materials are not essential for an effective reorganization. In
7  contrast, New Flyer is harmed by the stay and the inability to enforce its rights under the Agreement
8  outside of the provisions of section 365 of the Bankruptcy Code which were drafted to afford
9  protections to licensees. If New Flyer is denied access to the Deposit Materials, New Flyer will be
10 unable to correct the problems with the propulsion system supplied by ISE, which will in turn cause
11 to New Flyer irreparable harm. The Debtor has chosen to ignore Section 365(n)(4) and not perform
12 the Agreement as required by the Bankruptcy Code.

## V.

## CONCLUSION

15       Based on the foregoing the Debtor is required to comply with Section 365(n)(4) and perform
16 the Agreement, but has failed to do so following the written request of New Flyer. Therefore, New
17 Flyer is entitled to an order of the Court compelling the Debtor to comply with section 365(n)(4) and
18 directing the Debtor to immediately deliver the Deposit Materials to New Flyer.
19 ///
20 ///
21 ///
22 ///
23 ///
24 ///
25 ///
26 ///
27 ///
28 ///

8

4999002v.3

WHEREFORE, New Flyer respectfully requests an order substantially in the form attached to the Motion as Exhibit A compelling the Debtor to comply with section 365(n)(4), and granting such other and further relief as this Court deems appropriate.

Dated: August 16, 2010

/s/ Abigail V. O'Brient
Jeffry A. Davis
Joseph R. Dunn
Abigail V. O'Brient
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

and

Alison D. Bauer
**TORYS LLP**
237 Park Avenue
New York, New York 10017

Attorneys for New Flyer Industries Canada ULC and New Flyer of America Inc.

4999002v.3

**PROOF OF SERVICE**

I am employed in the County of San Diego, State of California, over the age of eighteen years, and not a party to the within action. My business address is 3580 Carmel Mountain Road, Suite 300, San Diego, California 92130. On August 16, 2010, I served the within document:

**MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH §365(N)(4)**

X **TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On August 16, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addressed indicated below:

X **FIRST-CLASS MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Diego, California, addressed as set forth below.

Attorneys for Debtor (NEF)
Marc J. Winthrop
Winthrop Couchot
660 Newport Center Drive, 4th Floor
Newport Beach, CA 92660
pj@winthropcouchot.com

U.S. Trustee (U.S. Mail)
Office of the U.S. Trustee
402 W. Broadway, Suite 600
San Diego, CA 92101

I am readily familiar with the firm's practice of collection and processing correspondence for mailing. Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on August 16, 2010, at San Diego, California.

*/s/ Diane Johnson*
Diane Johnson

4999002v.3

10