Kent J. Schmidt – CA Bar No. 195969
Karen A. Morao – CA Bar No. 256428
DORSEY & WHITNEY LLP
38 Technology Drive, Suite 100
Irvine, CA  92618-5310
Telephone: (949) 932-3600
Facsimile: (949) 932-3601
E-mail: schmidt.kent@dorsey.com
E-mail: morao.karen@dorsey.com

Eric Lopez Schnabel – NY Bar No. ES5553
Pamela Foohey – MN Bar No. 389566
DORSEY & WHITNEY LLP
250 Park Avenue
New York, NY 10177-1500
Telephone No.: (212) 415-9200
Facsimile: (212) 953-7201
E-mail: schnabel.eric@dorsey.com
E-mail: foohey.pamela@dorsey.com

*Counsel for Ballard Power Systems Inc.*

# UNITED STATES BANKRUPTCY COURT
## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>　　　　ISE CORPORATION,<br><br>　　　　　　Debtor. | Case No. 10-14198-11MM<br><br>Chapter 11<br><br>**RESPONSE TO (I) MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH § 365(n)(4) AND (II) DEBTOR'S OPPOSITION TO MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH § 365(n)(4)**<br><br>Date:　　September 23, 2010<br>Time:　　10:00 a.m.<br>Dept:　　1<br>Judge:　Margaret M. Mann |

Ballard Power Systems Inc. ("Ballard"), by and through its undersigned counsel,

respectively submits this response to (I) the motion [DE 11, the "New Flyer Motion"] of  New

Flyer Industries Canada ULC and New Flyer of America, Inc. (together, "New Flyer") for an

entry of an order compelling ISE Corporation ("ISE" or the "Debtor") to comply with the

4829-0125-3383\4

provisions of section 365(n)(4) of title 11 of the United States Code (the "<u>Bankruptcy Code</u>") and (II) Debtor's opposition [DE 37, the "<u>Opposition</u>"] to the New Flyer Motion (the "<u>Response</u>").

### BACKGROUND

On August 11, 2010 (the "<u>Petition Date</u>"), the Debtor filed a voluntary petition for relief with the United States Bankruptcy Court for the Southern District of California (the "<u>Court</u>") pursuant to chapter 11 of the Bankruptcy Code.

Ballard and the Debtor are parties to that certain Agreement for the Design, Production and Supply of Fuel Cells for Hybrid Fuel Cell Buses, dated August 2, 2007, as amended (the "<u>ISE-Ballard Subcontract</u>")[1] in connection with New Flyer supplying twenty buses to BC Transit (the "<u>Buses</u>"), the public transportation agency for British Columbia, Canada.  A copy of the ISE-Ballard Subcontract is attached hereto as **Exhibit A**.  As detailed in the New Flyer Motion and the accompanying memorandum of points and authorities [DE 12, the "<u>New Flyer Memorandum</u>"], New Flyer and the Debtor are parties to that certain Agreement for the Design, Production and Supply of the Propulsion Equipment for Hybrid Fuel Cell Buses, dated August 2, 2007, as amended (the "<u>NF-ISE Subcontract</u>") also in connection with New Flyer supplying the Buses to BC Transit.  Taken together, the NF-ISE Subcontract and the ISE-Ballard Subcontract provide for the production of the Buses by New Flyer for BC Transit, with the Debtor as a supplier of certain component parts.  Thereby, both Ballard and ISE effectively are sub-contractors of New Flyer as to the production of the Buses.

**Escrow Agreements**

Also as detailed in the New Flyer Memorandum, pursuant to the NF-ISE Subcontract, ISE is required to enter into a technology escrow agreement in a form substantially similar to the model agreement attached to the NF-ISE Subcontract as Schedule O (the "<u>NF-ISE Subcontract Escrow Agreement</u>") and to deposit the Deposit Materials, as that term is defined in the NF-ISE

---

[1]  Capitalized terms used but not defined herein shall have the meanings ascribed to them in the ISE-Ballard Subcontract.

2

Subcontract (the "NF-ISE Deposit Materials"), into escrow.  Similarly, pursuant to the ISE-Ballard Subcontract, ISE, New Flyer, and Ballard are required to enter into a technology escrow agreement in a form substantially similar to the model agreement attached to the ISE-Ballard Subcontract as Schedule O (the "ISE-Ballard Subcontract Escrow Agreement").  ISE-Ballard Subcontract, § 34.1.  Ballard is required to deposit the Deposit Materials, as that term is defined in the ISE-Ballard Subcontract (the "ISE-Ballard Deposit Materials"), into escrow.  *Id.* at § 34.2.

Between the NF-ISE Subcontract and the ISE-Ballard Subcontract, there are two escrows and escrow agreements: one escrow contains materials that ISE owns, and one escrow contains materials that Ballard owns.  Further, New Flyer is licensee as to the materials in both escrows.  These two escrows operate together to provide New Flyer with the intellectual property and other materials it needs to fulfill its obligations to BC Transit:  Ballard deposits the ISE-Ballard Deposit Materials into the escrow established pursuant to the ISE-Ballard Subcontract Escrow Agreement and ISE deposits the NF-ISE Deposit Materials in the escrow established pursuant to the NF-ISE Subcontract Escrow Agreement.  *See id.* at § 34; NF-ISE Subcontract, § 34.

The ISE-Ballard Subcontract further provides that ISE and/or New Flyer shall have a nonexclusive, nontransferable, non-sublicensable license under Ballard's interest in the ISE-Ballard Deposit Materials.  ISE-Ballard Subcontract, § 34.4.  Accordingly, the NF-ISE Deposit Materials regarding which the New Flyer Motion requests the Court enter an order only includes intellectual property owned by ISE; the New Flyer Motion does not request (or mention) any ISE-Ballard Deposit Materials because Ballard is free to license the ISE-Ballard Deposit Materials.  Thereby, when the Debtor states in its Opposition that it "is the owner of the intellectual property at issue" [Opposition, p. 7], this statement only relates to the NF-ISE Deposit Materials.  The Debtor is not the owner of the ISE-Ballard Deposit Materials and may not license these materials to others as it sees fit.

As stated in the New Flyer Memorandum, ISE has failed to enter into the NF-ISE Subcontract Escrow Agreement and deliver the materials directly to New Flyer.  Similarly, ISE has failed to enter into the ISE-Ballard Subcontract Escrow Agreement.  As further detailed in the New Flyer Memorandum, the escrow requirements ensure that technology may be utilized in the

event that a licensor has a disruption in its business, as has happened with the Debtor.  The Debtor has not given any indication that it has the ability to reorganize successfully.

Section 365(a)(4) of the Bankruptcy Code provides protection to a licensee, such as New Flyer, and affords it the ability to compel delivery of intellectual property and the debtor's performance under such contracts.  In this instance, delivery of the NF-ISE Deposit Materials to New Flyer will assist New Flyer in fulfilling its obligations to BC Transit with respect to the Buses.  Accordingly, Ballard supports New Flyer's request that the Debtor be compelled to deliver the NF-ISE Deposit Materials to New Flyer and otherwise perform its obligations under the NF-ISE Subcontract.

**Payments Pursuant to the ISE-Ballard Subcontract**

The ISE-Ballard Subcontract provides that ISE's payment to Ballard on the schedule set forth in the ISE-Ballard Subcontract is contingent upon payment of New Flyer to ISE of corresponding amounts (the "BC Proceeds") [ISE-Ballard Subcontract, §§ 4.1 and 4.3].  This schedule specifically links ISE's payments to Ballard with New Flyer's payments to ISE [ISE-Ballard Subcontract, Schedule E].  The ISE-Ballard Subcontract further provides that ISE is to remit the BC Proceeds to Ballard within two business days of receipt of the BC Proceeds from New Flyer [ISE-Ballard Subcontract, § 4.2].

In its Opposition, the Debtor states that it intends to reject the NF-ISE Subcontract, and that, thereby, New Flyer may elect to "retain its rights" to the NF-ISE Deposit Materials under the NF-ISE Subcontract.  The Debtor asserts that if New Flyer chooses to do so, New Flyer must make "royalty payments" and perform all its material obligations under the NF-ISE Subcontract, including paying the Debtor approximately $4 million [Opposition, pp 6-7].  This approximately $4 million allegedly includes $1,064,000 in cash currently due from New Flyer to ISE and $16,579 currently due from New Flyer to ISE in connection with two buses that have passed one requirement of Milestone #4, as defined in the NF-ISE Subcontract and also as included in the ISE-Ballard Subcontract [ISE-Ballard Subcontract, Schedule E].  Accordingly, pursuant to the ISE-Ballard Subcontract, a portion of these requested amounts constitutes BC Proceeds.

4

As further detailed below, this portion is earmarked for Ballard, is not the Debtor's property, and, if received by the Debtor, is to be held by the Debtor in trust for the benefit of Ballard. Any funds earmarked for and, thereby, due to Ballard should not be included in any payment New Flyer is required to make to the Debtor in connection with the Debtor's intended rejection of the NF-ISE Subcontract and New Flyer's potential election to retain its rights under the NF-ISE Subcontract. Thus, Ballard requests that any order the Court enters requiring New Flyer to fulfill its obligations under the NF-ISE Subcontract not include any payments that New Flyer is to make to ISE that constitute BC Proceeds, which are amounts that the Court should order New Flyer to hold in escrow pending a determination on Ballard's right to the fund.

**BALLARD SUPPORTS THE NEW FLYER MOTION AND REQUESTS THAT BALLARD BE ADDED TO THE ORDER**

For all the reasons stated in the New Flyer Memorandum, Ballard supports New Flyer's request that this Court order the Debtor to comply with section 365(n)(4) of the Bankruptcy Code by delivering the NF-ISE Deposit Materials directly to New Flyer. As detailed in the New Flyer Memorandum, these materials are not essential for an effective reorganization. In contrast, New Flyer will be irreparably harmed by the stay and the inability to enforce its rights under the NF-ISE Subcontract, which will prevent New Flyer from fulfilling its obligations to BC Transit with respect to the Buses.

To echo New Flyer, the Debtor has chosen to ignore section 365(n)(4) and not perform under the NF-ISE Subcontract as required by the Bankruptcy Code. Therefore, New Flyer is entitled to an order of the Court compelling the Debtor to comply with section 365(n)(4) and directing the Debtor to immediately deliver the NF-ISE Deposit Materials to New Flyer. Further, Ballard requests an order from the Court directing the Debtor only to license and deliver the ISE-Ballard Deposit Materials to New Flyer, as required by the ISE-Ballard Subcontract. *See* 11 U.S.C. § 365(n). In the alternative, any order of the Court should make clear that Ballard is free to license the ISE-Ballard Deposit Materials directly to New Flyer. The ISE-Ballard Subcontract is a non-exclusive license and the automatic stay or any other provision of the Bankruptcy Code or other applicable law does not prohibit such actions.

**THE BC PROCEEDS SHOULD BE EXCLUDED FROM ANY OBLIGATIONS NEW FLYER IS REQUIRED TO PERFORM WITH RESPECT TO TURNOVER OF THE NF-ISE DEPOSIT MATERIALS**

The BC Proceeds are earmarked for Ballard, are not the Debtor's property, and, if received by the Debtor, are to be held by the Debtor in trust for the benefit of Ballard. *See* 11 U.S.C. § 541(a)(1) (providing that the debtor's estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case"); *In re California Trade Technical Schools*, 923 F.2d 641 (9th Cir. 1991) (stating that "[b]ankruptcy law does not view property held in trust by the debtor as property of the estate" and holding that funds debtor held for student loans was held in an express trust). To the extent that New Flyer is required to fulfill its obligations under the NF-ISE Subcontract, these requirements should not include remitting to the Debtor any moneys constituting the BC Proceeds. The Debtor does not have any interest in these funds because they are to be paid solely for the benefit of Ballard in connection with its work as a subcontractor with respect to New Flyer's production of the Buses.

Accordingly, either New Flyer should hold the BC Proceeds in escrow pending a determination on Ballard's right to the funds, or, if New Flyer remits the BC Proceeds to the Debtor, the Debtor must immediately segregate those funds and hold them in trust for the benefit of Ballard. Regardless, the BC Proceeds have no bearing on the Debtor's intended rejection of the NF-ISE Subcontract and New Flyer's potential election to retain its rights under the NF-ISE Subcontract. Indeed, when the NF-ISE Subcontract and the ISE-Ballard Subcontract are read together, it is clear that only a portion of the amounts owed by New Flyer pursuant to the NF-ISE Subcontract that the Debtor requests relates to the license governing the NF-ISE Deposit Materials. As discussed above, ISE's payment obligations under the ISE-Ballard Subcontract are contingent upon payment of New Flyer to ISE of corresponding amounts. *See* ISE-Ballard Subcontract, § 4. Thereby, a portion of the amounts owed by New Flyer to ISE under the NF-ISE Subcontract necessarily are for the payment of Ballard. This portion (*i.e.*, the BC Proceeds) does not relate to the license granted New Flyer under the NF-ISE Subcontract. Any order that requires New Flyer to fulfill its obligations under the NF-ISE Subcontract should exclude those obligations to make payments constituting the BC Proceeds and, for clarity and ease, further order

that New Flyer hold those amounts in escrow pending a determination on Ballard's right to the funds.

Finally, if the Court is not inclined to grant Ballard's request on this issue based upon the record before it, then Ballard respectfully requests that the parties should be afforded an opportunity to more fully brief this issue and present evidence if necessary.

[The remainder of this page intentionally left blank.]

1    WHEREFORE, based on the foregoing, Ballard respectfully requests (i) an order,

2    substantially in the form attached to the New Flyer Motion as Exhibit A, compelling the Debtor to

3    comply with section 365(a)(4), and further ordering the Debtor only to license and deliver the

4    ISE-Ballard Deposit Materials to New Flyer, or, in the alternative, finding that Ballard has the

5    right to license the ISE-Ballard Deposit Materials directly to New Flyer; (ii) to the extent New

6    Flyer is required to perform its obligations under the NF-ISE Subcontract in connection with such

7    order, that such order specifically exclude any payments constituting the BC Proceeds from these

8    requirements and further require New Flyer to hold those amounts in escrow pending a

9    determination on Ballard's right to the funds; and (iii) any such other and further relief as this

10    Court deems appropriate.

11

12    Dated:  September 14, 2010                    DORSEY & WHITNEY LLP

13

14                                                 By: /s/ Karen A. Morao
                                                   Kent J. Schmidt  (CA Bar No. 256428)
15                                                 Karen A. Morao  (CA Bar No. 195969)
                                                   38 Technology Drive, Suite 100
16                                                 Irvine, CA  92618-5310
                                                   Telephone: (949) 932-3600
17                                                 Facsimile: (949) 932-3601

18                                                 and

19                                                 Eric Lopez Schnabel (NY Bar No. ES5553)
                                                   Pamela Foohey  (MN Bar No. 389566)
20                                                 250 Park Avenue
                                                   New York, New York 10177
21                                                 Telephone: (212) 415-9200
                                                   Facsimile: (212) 953-7201
22

23                                                 *Counsel for Ballard Power Systems Inc.*

24

25

26

27

28

8

**PROOF OF SERVICE**

I am employed in the County of Orange, State of California, over the age of eighteen years, and not a party to the within action. My business address is 38 Technology Drive, Suite 100, Irvine, California 92618. On September 14, 2010, I served the within document:

**RESPONSE TO (I) MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH § 365(N)(4) AND (II) DEBTOR'S OPPOSITION TO MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH § 365(N)(4)**

**X       TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")**: Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On September 14, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email addresses indicated below:

| | |
|---|---|
| Michael D. Breslauer | mbreslauer@swsslaw.com |
| Jeffry A. Davis | jadavis@mintz.com |
| Sue J. Hodges | sue.hodges@klgates.com |
| Garrick A. Hollander | ghollander@winthropcouchot.com |
| Karen A. Morao | morao.karen@dorsey.com |
| Abigail O'Brient | aobrient@mintz.com |
| Jeffrey N. Pomerantz | jpomerantz@pszjlaw.com |
| Lisa Torres | lisa.torres@fennelllaw.com |
| United States Trustee | ustp.region15@usdoj.gov |
| Victor A. Vilaplana | vavilaplana@foley.com |
| Marc J. Winthrop | pj@winthropcouchot.com |

**X       FIRST CLASS MAIL**: By placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at Irvine, California, addressed as set forth below:

<u>Attorneys for Debtor (NEF and U.S. Mail)</u>
Marc J. Winthrop
Winthrop Couchot
660 Newport Center Drive, 4th Floor
Newport Beach, CA  92660
pj@winthropcouchot.com

<u>Attorneys for New Flyer (NEF and U.S Mail)</u>
Jeffry A. Davis, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
jadavis@mintz.com

Alison D. Bauer
Torys LLP
237 Park Avenue
New York, NY 10017-3142
abauer@torys.com

U.S. Trustee (U.S. Mail)
Office of U.S. Trustee
402 W. Broadway, Suite 600
San Diego, CA  92101

Attorneys for Pomerado Leasing No. 1 LP (U.S. Mail)
Lisa Torres, Esq.
Tracy L. Schimelfenig, Esq.
LAW OFFICE OF WILLIAM P. FENNELL, APLC
1111 Sixth Avenue, Suite 404
San Diego, CA 92101

Attorneys for Suntron Corporation (NEF)
Paul R. Glassman
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, California   90404
glassmanp@gtlaw.com

Attorneys for NGP Energy Technology Partners, L.P. (NEF)
William R Baldiga, Esq.
Brown Rudnick LLP
One Financial Center
Boston, Massachusetts 02111
wbaldiga@brownrudnick.com

Attorneys for Foley & Lardner LLP (NEF)
Victor A. Vilaplana
Foley & Lardner LLP
402 West Broadway, Suite 2100
San Diego, CA 92101
vavilaplana@foley.com

Attorneys for K&L Gates LLP (NEF)
Sue J. Hodges, Esq.
3580 Carmel Mountain Road, Suite 200
San Diego, CA 92130
sue.hodges@klgates.com

Attorneys for Iron Mountain Management, Inc. (NEF)
Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA  02110
ffm@bostonbusinesslaw.com

Attorneys for El Dorado National (NEF)
Michael D. Breslauer, Esq.
Yosina M. Lissebeck, Esq.
SOLOMON WARD SEIDENWURM & SMITH
401 B Street, Suite 1200
San Diego, CA 92101
mbreslauer@swsslaw.com
ylissebeck@swsslaw.com

Attorneys for the Official Committee of Unsecured Creditors (NEF)
Jeffrey N. Pomerantz
Shirley S. Cho
Pachulski Stang Ziehl & Jones LLP
10100 Santa Monica Blvd., 11th Floor
Los Angeles, CA 90067-4100
jpomerantz@pszjlaw.com
scho@pszjlaw.com

I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under the practice it would be deposited in the U.S. Postal Service on that same day with postage thereon fully prepaid in the ordinary course of business.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on September 14, 2010, at Irvine, California

/s/ Carmen Murashko
Carmen Murashko

11