1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Ellen M. Bender (CA Bar No. 116987)
2  Shirley S. Cho (CA Bar No. 192616)
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California  94111-4500
4  Telephone: 415/263-7000
   Facsimile: 415/263-7010
5  Email:  jpomerantz@pszjlaw.com
           ebender@pszjlaw.com
6          scho@pszjlaw.com

7  [Proposed] Counsel for the Official Committee of
   Unsecured Creditors

8                    **UNITED STATES BANKRUPTCY COURT**

9                      **Southern District of California**

10
11  In re:                              Case No.: 10-14198 MM

12  ISE CORPORATION,                    Chapter 11

                            Debtor.     **MOTION OF OFFICIAL COMMITTEE**
13                                      **OF UNSECURED CREDITORS FOR**
                                        **AUTHORITY TO PURSUE**
14                                      **LITIGATION REGARDING**
                                        **UPSTREAMED PAYMENTS TO**
15                                      **PARENT ON BEHALF OF DEBTOR;**
                                        **DECLARATION OF SHIRLEY S. CHO**
16                                      **IN SUPPORT THEREOF**

17                                      **Hearing Date:  October 21, 2010**
                                        **Time:          10 a.m.**
18                                      **Place:         Department 1, Room 218**
                                        **                Jacob Weinberger United**
19                                      **                States Courthouse**
                                        **                325 West "F" Street**
20                                      **                San Diego, CA 92101-6991**

21

22      The Debtor ISE Corporation ("ISE" or "Debtor") has testified at its recent 341(a) meeting of

23  creditors on September 14, 2010 that it has approximately $900,000 of cash on hand and that unless

24  it obtains additional financing in three weeks, it will run out of cash.  Yet, on the day of the Chapter

25  11 bankruptcy filing, the Debtor upstreamed $600,000 in cash to its non-debtor parent corporation

26  (the "Upstreamed Transfers") so that the parent could purportedly satisfy its public "reporting

27  requirements".  However, in further conversations with the Debtor, the Committee has learned that

28  the bulk of the cash from the Upstreamed Transfers is intended to pay for D&O insurance coverage

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

for its directors and officers.

The Debtor's CEO, who is also the CEO of the Debtor's parent corporation and on the Boards of Directors for both companies, as well as the Debtors' General Counsel (who was also recently promoted to be the Debtor's "Chief Restructuring Officer"), also testified that the upstreaming of money was done to satisfy fiduciary obligations owing to the <u>non-debtor parent company</u>.

The Official Committee of Unsecured Creditors (the "Committee") hereby brings this motion for authority to commence and prosecute an adversary proceeding (the "Action") on behalf of the Debtor against the Debtor's parent company, ISE Limited ("ISE Ltd" or the "Parent"), to recover the $600,000.00 paid on August 10, 2010 to the Parent. To the extent the Upstreamed Transfers were on account of a loan of the Parent to the Debtor, they are recoverable as preferential transfers under § 547 of the Bankruptcy Code, or unauthorized post-petition payments under § 549 of the Bankruptcy Code. Conversely, if there was no legitimate debt owing to the Parent by the Debtor, the Upstreamed Transfers are recoverable either as fraudulent conveyances under § 548 of the Bankruptcy Code and/or under the California Uniform Fraudulent Transfer Act, or as unauthorized dividends by an insolvent company under California law. Regardless of the theory, the Upstreamed Transfers are recoverable by the Debtor and represent funds the Debtor needs to operate. The Committee has demanded that the Upstreamed Transfers be returned to the estate but neither ISE Ltd nor the Debtor have complied with such demands as of the date and time of filing of this Motion. The Committee therefore requests immediate authority to prosecute the Action on the Debtor's behalf. A copy of the proposed complaint is attached hereto as **Exhibit "A"**.

## I.
## SUMMARY OF FACTS

1.     The Debtor is a California corporation with its corporate offices located in Poway, California. The Debtor develops, manufactures, and distributes heavy duty hybrid-electric drive systems utilized for energy storage, controls software, and power electronics which are subsystems for various hybrid or all-electric vehicles.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

2.      The Debtor is 100% owned, operated, and controlled by its parent, ISE Ltd, the proposed defendant.  ISE Ltd is a corporation organized under the laws of the Cayman Islands and conducts virtually all of its business through the Debtor as its operating subsidiary.  ISE Ltd maintains its corporate headquarters in San Diego, California.  The Committee is informed and believes that ISE Ltd. is or was a publicly traded corporation listed on the Toronto Stock Exchange ("TSX").  The Debtor has testified that the Debtor's Board of Directors is identical to the Board of Directors of its Parent.

3.      The Debtor commenced its bankruptcy case (the "Bankruptcy Case") under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on August 10, 2010 (the "Petition Date"), and continues to operate its business as a debtor-in-possession.

4.      On or about September 8, 2010, the Debtor filed its Statement of Financial Affairs ("SOFA") in the Bankruptcy Case, in which it disclosed that, on the Petition Date, the Debtor made three (3) payments to ISE Ltd totaling $600,000.00 (the "Upstreamed Transfers").  *See* SOFA, at p. 14 [Docket No. 56-2].  According to the Debtor's SOFA, two of the Upstreamed Transfers were made by wire transfer on the Petition Date, and one of the Upstreamed Transfers (in the amount of $100,000.00) was made by check dated as of the Petition Date.  *Id.*

5.      Although the Debtor has represented that the Upstreamed Transfers were made on account of a loan owed to the Parent by the Debtor, it has failed to provide the Committee with documentation to substantiate any such loan or otherwise account for the Upstreamed Transfers, despite demand by the Committee.  A copy of the Committee's demand is attached hereto as **Exhibit "B".**

6.      The Committee asserts that these Upstreamed Transfers are avoidable as fraudulent transfers, under both the Bankruptcy Code and the California Uniform Fraudulent Transfer Act. Alternatively, the Upstreamed Transfers are voidable as preferences and/or unauthorized post-petition transfers under the Bankruptcy Code.  Additionally, the Upstreamed Transfers are illegal distributions to ISE Ltd under the California Corporations Code.

7.      In a press release issued three days after the Petition Date, ISE Ltd. disclosed that due to its precarious financial condition, it could not meet its deadline to conduct the necessary internal

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1   audits and reviews required to maintain its status as a publicly traded corporation on the TSX; and

2   that it had no intention of conducting such audits.  Attached hereto as **Exhibit "C"** is a copy of the

3   press release issued by ISE Ltd on August 13, 2010.  Yet, the Debtor, through its executives,

4   testified that the funds were upstreamed to ISE Ltd on August 10, 2010 so that it could satisfy its

5   public reporting requirements.  Later, the Committee was informed that the Debtor had in fact

6   upstreamed these funds to pay D&O insurance for its directors and officers.

7       8.      It is clear that the Debtor is not prepared to prosecute the Action on behalf of the

8   estate.  Apart from the clear conflict of interest of the Debtor having the identical Board of Directors

9   as its parent company, the Debtor has failed to take any action to recover the Upstreamed Transfers.

10  It is therefore appropriate and necessary for the Committee to assume this role to assure preservation

11  of the estate's assets.   The Committee should be authorized to prosecute the Action immediately

12  because the Debtor has indicated that it is running out of funds to operate the Debtor's estate and the

13  return of the Upstreamed Transfers will provide needed liquidity to continue operations until an exit

14  strategy can be implemented to maximize value for creditors.

## II.
## JURISDICTION

17      9.      The Bankruptcy Court has jurisdiction over the proposed Action pursuant to 28

18  U.S.C. §§ 157(a), (b)(1), (c)(1) and 1334(b) and (e) and the referral of such proceedings to the

19  Bankruptcy Court by the United States District Court for the Southern District of California.  The

20  claims for relief alleged in this proceeding arise under the Bankruptcy Code and the laws of the state

21  of California; including, without limitation, the California Uniform Fraudulent Transfer Act and the

22  California Corporations Code; and is related to the Bankruptcy Case.  Venue in this district is proper

23  pursuant to 28 U.S.C. § 1409(a).  The Action will be commenced pursuant to Rule 7001(1) of the

24  Federal Rules of Bankruptcy Procedure, and is a core proceeding under 28 U.S.C. § 157(b).

25

26

27

28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**III.**
**THE COMMITTEE SHOULD BE GRANTED STANDING TO**
**BRING THE ACTION**

10.     This Court may confer derivative standing upon the Committee.  In *Spaulding Composites Co., Inc.*, 207 B.R. 899, 903-04 (B.A.P. 9th Cir. 1997), the Bankruptcy Appellate Panel for the Ninth Circuit held that a committee can assert a derivative claim on behalf of the estate after obtaining court approval.  Likewise, the Ninth Circuit, in *In re Parmetex, Inc.*, 199 F.3d 1029, 1031 (9th Cir. 1999), held that a creditor can have standing to assert avoidance claims.  In *Parmetex*, creditors in a chapter 7 case filed a complaint to avoid fraudulent and preferential transfers and two months later entered into a stipulation with the chapter 7 trustee for authority to pursue such claims. *Id.* at 1030.  The Ninth Circuit held that the creditors had standing to bring the action.  The Ninth Circuit's holding in *Parmetex* was approvingly cited by the Ninth Circuit in *Estate of Spirtos v. Superior Court Case,* 443 F.3d 1172, 1175-76 (9th Cir. 2006).  *See also In re Caldor Corp*., 303 F.3d 161, 166 (2d Cir. 2002) (recognizing "a qualified right for creditors' committees to initiate adversary proceedings where the trustee or debtor in possession unjustifiably failed to bring suit."); *Fogel v. Zell*, 221 F.3d 955, 966 (7th Cir. 2000) ("If a trustee unjustifiably refuses a demand to bring an action to enforce a colorable claim of a creditor, the creditor may obtain the permission of the bankruptcy court to bring the action in place of, and in the name of, the trustee."); *Official Committee Ex. Rel. v. Chinery (In re Cybergenics Corporation)*, 330 F.3d 548, 568 (3d Cir. 2003) (en banc), *petition for cert. dismissed*, 540 U.S. 1001 (2003) ("We believe that the ability to confer derivative standing upon creditors' committees is a straightforward application of bankruptcy courts' equitable powers."). 5 *Collier on Bankruptcy* ¶ 547.11[6], p. 547-124 (15th ed. rev. 2005.

11.     In order to have such derivative standing, the Committee must satisfy the following elements:  (1) a demand has been made on the Debtor, unless such a demand would be futile; (2) the demand has been declined; (3) a colorable claim exists against the prospective defendants that would benefit the estate; and (4) the inaction by the Debtor is unjustified.  *See Canadian Pac. Forest Prods. Ltd. V. J.D. Irving, Ltd.,* 66 F.3d 1436, 1446 (6th Cir. 1995).  In the present case, the Committee meets all of these elements for derivative standing.

**A.   Demand**

12.     The Committee has made written demand on the Debtor and ISE Ltd to turn over the Upstreamed Transfers to the Debtor's estate by September 20, 2010 or in the alternative, consent to the Committee having standing to pursue the Action. *See* Exhibit B hereto. The Committee specifically informed the Debtor in the letter and through phone conversations with counsel that unless the Upstreamed Transfers were returned by September 20, 2010, this Motion would be filed. *Id.* ISE Ltd has failed to turn over the funds as the date of the filing of this Motion, thus necessitating this Motion. While the Debtor, through counsel, has indicated that the Parent might be willing to stipulate to not spending such funds, no return of the Upstreamed Transfers has been promised.

13.     Where as here, the Debtor's Board of Directors is the same Board of Directors as that of ISE Ltd., it is even more troubling that the Upstreamed Transfers have not been returned to the Debtor's estate. Courts have permitted creditors' committees to pursue avoidance actions in the name of the debtor where the Debtor has too close of a relationship with the potential defendant to pursue the action on behalf of the estate. *See, e.g., In re G-I Holdings*, 313 B.R. 612, 630 (Bankr. D.N.J. 2004) ("it cannot be said that a formal request, in order to obtain a formal refusal, a request that would surely be refused, should be required"); *In re Nat'l Forge Co.*, 326 B.R. 532, 544 (W.D.Pa. 2005) (holding that bankruptcy court was justified in concluding that debtor would have declined to file claims against officers and directors because debtor's "key employees" who presumably would have been instrumental in asserting such claims, were all named defendants and were beneficiaries of transactions at issue); *In re Recoton Corp.*, 307 B.R. 751, 760-61 (Bankr. S.D.N.Y. 2004) ("[a]s a practical matter, in many chapter 11 cases, it may not be feasible for a debtor in possession to conduct an investigation into the activities of its own board or bring suit against board members, either present or past.").

**B.   Colorable Claims Exist Against ISE Ltd That Will Materially Augment The Estate's Cash And Benefit The Estate**

14.     As set forth in the attached proposed Complaint, the Debtor holds irrefutable claims for avoidance and/or turnover of the Upstreamed Transfers made by the Debtor to its Parent on or

about the Petition Date, based upon multiple theories of recovery.  Return of these moneys to the Debtors would substantially benefit the estate as it would substantially enhance the Debtor's current liquidity.

**1.    Fraudulent Transfers**

15.    Initially, the Upstreamed Transfers appear to constitute fraudulent transfers under Bankruptcy Code § 548.  That section allows avoidance of any transfer "of an interest of the debtor in property… incurred by the debtor, that was made or incurred on or within 2 years before the date of the filing of the petition, if the debtor voluntarily or involuntarily – (A) made such transfer or incurred such obligation with actual intent to hinder, delay, or defraud any entity to which the debtor was or became on or after the date that such transfer was made or such obligation was incurred, indebted; or (B) (i) received less than a reasonably equivalent value in exchange for such transfer or obligation; and (ii) (1) was insolvent on the date that such transfer was made or such obligation was incurred, or became insolvent as a result of such transfer or obligation…" 11 U.S.C. 548.

16.    California's Uniform Fraudulent Transfer Act tracks these same provisions. California Civil Code § 3439.04 provides, in pertinent part:

(a)  A transfer made or obligation incurred by a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation as follows:

(1)  With actual intent to hinder, delay, or defraud any creditor of the debtor.

(2)  Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor either:

(A)  Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction.

(B)  Intended to incur or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

CA Civ Code § 3439.04

17.     Thus, both the Bankruptcy Code and the California UFTA provide for avoidance of transfers such as occurred in this instance either as actual or constructive fraudulent conveyances, where the transfers were made while the debtor was insolvent.  The Upstreamed Transfers made in this instance, on the Petition Date, clearly qualify as such.

18.     While ISE Ltd and the Debtor claim that the payments were made on account of a loan owed to the parent, no evidence of such a loan has been produced, despite demands made by the Committee for such evidence.  Under such circumstances, where the Upstreamed Transfers clearly stripped the Debtor of much-needed cash to operate its business as a debtor-in possession, the Court should allow the Committee to prosecute this suit against ISE Ltd.  The Upstreamed Transfers are recoverable either as fraudulent transfers made with actual intent to hinder, delay, or defraud creditors of the Debtor or as constructively fraudulent transfers because the Debtor received less than reasonably equivalent value in exchange for such transfer.

## 2.     Preferential Payments / Unauthorized Post-Petition Transfers

19.     Even if ISE Ltd produces credible evidence of a loan owed to it, the Upstreamed Transfers made on the Petition Date are classic preferential payments and/or unauthorized post-petition transfers of property of the Debtor, under §§ 547 and 549 of the Bankruptcy Code. According to the Debtor's SOFA, two of the Upstreamed Transfers were made by wire transfer on the Petition Date, although it is unclear whether they were made before or after the bankruptcy petition was filed.  One of the Upstreamed Transfers, totaling $100,000.00 was made by a check written on the Debtor's account on the Petition Date.  It is presumed that such check could not have cleared as of the filing, and would therefore constitute a post-petition unauthorized transfer, avoidable under § 549.

## 3.     Illegal Corporate Distributions

20.     The Upstreamed Transfers are further subject to avoidance under the California Corporations Code, as dividends paid to a shareholder while the debtor was insolvent.  California Corporations Code § 500 *et seq.* expressly prohibits distributions to shareholders if the corporation is insolvent or would be rendered insolvent by the distributions.  Section 501 provides that "[N]either a

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

corporation nor any of its subsidiaries shall make any distribution to the corporation's shareholders…if the corporation or the subsidiary making the distribution is, or as a result thereof would be, likely to be unable to meet its liabilities…as they mature." Moreover, § 506 of the California Corporations Code provides that any shareholder who receives any such distribution while the corporation is insolvent with knowledge of the impropriety thereof is liable to the corporation for the amount so received with interest until paid. California Corporations Code § 506(b) further states that "suit may be brought in the name of the corporation to enforce the liability (1) to creditors arising under subdivision (a) for a violation of Section 500 or 501 against any or all shareholders liable by any one or more creditors of the corporation whose debtor or claims arose prior to the time of the distribution to shareholders and who have not consented thereto, whether or not they have reduced their claims to judgment…"

21.     In this case, the Upstreamed Transfers were made by the Debtor to its sole shareholder, ISE Ltd, while the Debtor was insolvent. On August 10, 2010, the date that the Upstreamed Transfers were made, the Debtor had $11.6 million of reported assets against $24.5 million of liabilities, as per its schedules of assets and liabilities filed with the Court. [Docket Nos. 56 and 61] Given that the Debtor has failed to pursue such claims, it is essential the Committee be permitted to prosecute such claims on behalf of the Debtor.

## IV.
## CONCLUSION

The property of the bankruptcy estate will be significantly augmented by the prosecution of the Action. For all of the reasons set forth above, the Committee requests that it be authorized to file and prosecute the Action and the claims as set forth in the proposed Complaint.

Dated:   September 20, 2010

PACHULSKI STANG ZIEHL & JONES LLP

By   */s/ Shirley S. Cho*
       Jeffrey N. Pomerantz
       Ellen M. Bender
       Shirley S. Cho
       [Proposed] Counsel for the Official
       Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**Declaration of Shirley S. Cho**

I, Shirley S. Cho, declare as follows:

1.      I am an attorney admitted to practice law in the State of California and before this Court and am an attorney at Pachulski Stang Ziehl & Jones LLP, proposed counsel for the Official Unsecured Creditors Committee.  I submit this declaration in support of the above-captioned Motion.[1]

2.      I have personal knowledge of the facts set forth in the foregoing Motion and, if called upon as a witness, I could and would competently testify as to all of the matters stated therein.

3.      Attached hereto as **Exhibit A** is a draft of the proposed complaint that the Committee intends to file if the Motion is granted.

4.      Attached hereto as **Exhibit B** is a true and correct copy of the letter that the Committee sent to the Debtor and ISE Ltd to turn over the Upstreamed Transfers to the Debtor's estate by September 20, 2010, or in the alternative, consent to the Committee having standing to pursue the Action.  *See* Exhibit B hereto.  The Committee specifically informed the Debtor in the letter and through phone conversations with counsel that unless the Upstreamed Transfers were returned by September 20, 2010, this Motion would be filed.  Both the Debtor and ISE Ltd have failed to turn over the funds as the date of the filing of this Motion, thus necessitating this Motion. While the Debtor, through counsel, has indicated that the Parent would be willing to stipulate not to spending such funds, no return of the Upstreamed Transfers has been promised.

5.      Attached hereto as **Exhibit C** is a true and correct copy of the Parent's press release dated August 13, 2010, which is available on the Debtor's internet website.

6.      I attended the section 341(a) meeting of creditors wherein the Debtor's executives testified that (i) the Debtor has approximately $900,000 of cash on hand and that unless it obtains additional financing in three weeks, it will run out of cash; (ii) on the day of the Chapter 11 bankruptcy filing, the Debtor upstreamed $600,000 in cash to its non-debtor parent corporation so that the parent could purportedly satisfy its public "reporting requirements"; and that (iii) the upstreaming of money was done to satisfy fiduciary obligations owing to the non-debtor parent

---

[1] Defined terms shall have the meaning ascribed to them in the Motion.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

company. The Debtor further testified that the board of directors of the Debtor and its Parent are identical.

7.      In two telephone conversations with the Debtor's counsel subsequent to the section 341(a) meeting of creditors, I learned that the bulk of the Upsteamed Transfers was intended to pay for D&O insurance coverage for directors and officers.

I declare under penalty of perjury under the laws of the State of California and the United States of America that the foregoing is true and correct.

Executed this 20th day of September, 2010, at Los Angeles, California.

/s/ Shirley S. Cho
Shirley S. Cho

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT A

1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Ellen M. Bender (CA Bar No. 116987)
2  Shirley S. Cho (CA Bar No. 192616)
   PACHULSKI STANG ZIEHL & JONES LLP
3  150 California Street, 15th Floor
   San Francisco, California  94111-4500
4  Telephone: 415/263-7000
   Facsimile:  415/263-7010
5  Email:  jpomerantz@pszjlaw.com
           ebender@pszjlaw.com
6          scho@pszjlaw.com

7  [Proposed] Counsel for the Official Committee of
   Unsecured Creditors

8                  **UNITED STATES BANKRUPTCY COURT**

9                    **Southern District Of California**

10

11 | In re: | Case No.: 10-14198 MM |

12 | ISE CORPORATION, | Chapter 11 |

13 |                    Debtor. | **COMPLAINT FOR: (1) AVOIDANCE OF FRAUDULENT TRANSFERS OR, IN THE ALTERNATIVE, AVOIDANCE OF PREFERENTIAL TRANSFERS AND/OR POSTPETITION TRANSFERS; (2) DAMAGES AGAINST SHAREHOLDER FOR RECEIPT OF IMPROPER DISTRIBUTIONS (CA CORP. CODE § 506); (3) TEMPORARY RESTRAINING ORDER, PRELIMINARY AND PERMANENT INJUNCTION** |

14

15

16

17

18

19

20 | The Official Committee of Unsecured Creditors of ISE CORPORATION, | Adv. Proc. No. _____ |

21 |                    Plaintiff, |

22 |        vs. |

23 | ISE Limited, |

24 |                    Defendant. |

25

26        The Official Committee of Unsecured Creditors (the "Committee" or "Plaintiff"), for and on

27 behalf of Debtor ISE CORPORATION ("ISE" or "Debtor"), files this Adversary Complaint

28 ("Complaint") against defendant ISE Limited ("ISE Ltd" or "Defendant"), and alleges as follows:

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**PARTIES**

1.      The Debtor is a California corporation with its corporate offices located in Poway, California.  Upon information and belief, the Debtor is a wholly owned subsidiary of Defendant ISE Ltd.  The Debtor commenced its bankruptcy case (the "Bankruptcy Case") under chapter 11 of the United States Bankruptcy Code (the "Bankruptcy Code") on or about August 10, 2010 (the "Petition Date"), and continues to operate its business as a debtor-in-possession.

2.      Upon information and belief, Defendant ISE Ltd is a corporation organized under the laws of the Cayman Islands with its corporate headquarters located in San Diego, California.

3.      The Committee is authorized to pursue this action on behalf of the Debtor, pursuant to an order issued on or about _____, 2010 by the United States Bankruptcy Court for the Southern District of California presiding over the Bankruptcy Case (the "Bankruptcy Court").

**JURISDICTION AND VENUE**

4.      The Bankruptcy Court has jurisdiction over this adversary proceeding pursuant to 28 U.S.C. §§ 157(a), (b)(1), (c)(1) and 1334(b) and (e) and the referral of such proceedings to the Bankruptcy Court by the United States District Court for the Southern District of California.

5.      The claims for relief alleged in this proceeding arise under the laws of the state of California and the Bankruptcy Code, and are related to the Bankruptcy Case.

6.      Venue in this district is proper pursuant to 28 U.S.C. § 1409(a).

7.      This adversary proceeding is commenced pursuant to Rule 7001(1) of the Federal Rules of Bankruptcy Procedure, and is a core proceeding under 28 U.S.C. § 157(b).

**GENERAL ALLEGATIONS**

8.      Upon information and belief, the Debtor was incorporated in or about January 1995. The Debtor is a developer, manufacturer, and distributor of heavy duty hybrid-electric drive systems utilized for energy storage, controls software, and power electronics which are subsystems for various hybrid or all-electric vehicles.

9.      Upon information and belief, Defendant is or was a publicly traded corporation listed on the Toronto Stock Exchange ("TSX") which operates its business principally through the Debtor. As of the Petition Date, the Debtor was 100% owned, managed, and controlled by Defendant.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

ADVERSARY COMPLAINT

10.    On or about September 8, 2010, the Debtor filed its Statement of Financial Affairs ("SOFA") in the Bankruptcy Case under penalty of perjury, in which it generally disclosed that on the Petition Date, the Debtor made three (3) payments to its parent, Defendant ISE Ltd, totaling $600,000.00 (the "Transfers").  According to the Debtor's SOFA, two of the Transfers were made by wire transfer on the Petition Date, and one of the Transfers (in the amount of $100,000.00) was made by check dated as of the Petition Date.

11.    Although Defendant has asserted, by and through its executives, that the Transfers were made on account of a loan owed to ISE Ltd by the Debtor, as of the date this Complaint is filed, Defendant has failed and refused to provide the Committee with documentation to substantiate any such loan or otherwise account for the Transfers, despite due demand by the Committee therefor.

12.    The Defendant represented to its creditors that the Transfers were made to fund audits required to satisfy its public reporting obligations.  However, contrary to such representations, on or about August 13, 2010, three days after the Transfers were made, Defendant issued a press release asserting that due to its precarious financial position, it would not be able to meet its deadline for filing its second quarter interim financial statements, and other required corporate filings to maintain its listing on the Toronto Stock Exchange.  The press release further asserted that the Defendant does not have available resources or capacity to have its auditors conduct the appropriate review of its financial statements, and considered such audit to be inappropriate under the circumstances.

## FIRST CLAIM FOR RELIEF

**(To Avoid Intentionally Fraudulent Transfers under 11 U.S.C. §§ 544(b) and 548(a)(1)(A), and California Civil Code §§ 3439.04 and 3439.07)**

13.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 12 above, inclusive, as though fully set forth herein.

14.    Plaintiff is informed and believes, and thereon alleges, that the Transfers were made to Defendant with an actual intent to hinder, delay or defraud the Debtor's creditors , and, additionally, that the amount received by Defendant exceeded the value of any services rendered and property delivered in exchange therefor.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

15.    At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. § 548(a)(1)(A) and under CA Civ. Code § 3439.07(a)(1).

## SECOND CLAIM FOR RELIEF

**(To Avoid Constructively Fraudulent Transfers Under 11 U.S.C. §§ 544(b) and 548(a)(1)(B) and California Civil Code §§ 3439.05 and 3439.07)**

16.    Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 15 above, inclusive, as though fully set forth herein.

17.    Plaintiff is informed and believes, and thereon alleges, that at all relevant times, the Debtor:  (a) was insolvent, or became insolvent as a result of each Transfer; (b) was engaged in or was about to engage in a business or a transaction for which its remaining assets were unreasonably small in relation to the business or transaction; or (c) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

18.    Plaintiff is further informed and believes, and thereon alleges, that Defendant did not give the Debtor, and the Debtor did not otherwise receive, reasonably equivalent value for any of the Transfers.

19.    At all relevant times, the Transfers were avoidable pursuant to 11 U.S.C. § 548(a)(1)(B) and CA Civ. Code §3439.07(a)(1).

## THIRD CLAIM FOR RELIEF

**(To Avoid Preferential Transfers – 11 U.S.C. § 547)**

20.    Plaintiff realleges and incorporates by reference the allegations contained in paragraphs 1 through 12, inclusive, as though set forth fully herein.

21.    Alternatively, Plaintiff alleges that some or all of the Transfers were made to the Defendant within ninety (90) days prior to the filing of the Bankruptcy Case on account of an antecedent debt owed by the Debtor to the Defendant before the Transfers were made.

22.    The Transfers were made while the Debtor was insolvent.

23.    The Transfers to the Defendant enabled the Defendant to receive more than it would have received if:  (i) the Debtor's Bankruptcy Case was a case under chapter 7 of the Bankruptcy

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

Code; (ii) if the Transfers had not been made; and (iii) the Defendant received payment on the debt to the extent provided by the Bankruptcy Code.

24.     Plaintiff is entitled to an order and judgment against the Defendant under section 547 of the Bankruptcy Code that each of the Transfers is avoided.

## FOURTH CLAIM FOR RELIEF

### (Recovery of Property – 11 U.S.C. §§ 544(b) and 550 and California Civil Code § 3439.08)

25.     Plaintiff realleges and incorporates by reference the allegations contained in each preceding paragraph of the Complaint, as though set forth fully herein.

26.     Upon information and belief, Plaintiff alleges that Defendant is the initial transferee of the Transfers, or the immediate or mediate transferee of such initial transferee.

27.     Plaintiff is entitled to avoid the Transfers under §§ 544(b), 547 or 548 of the Bankruptcy Code, and CA Civ. Code  § 3439.08.  As the Defendant is the initial, immediate or mediate transferee of the Transfers, Plaintiff is entitled to recover for the Debtor the proceeds or value of the respective Transfers.

## FIFTH CLAIM FOR RELIEF

### (To Avoid Postpetition Transfers – 11 U.S.C. § 549)

28.     Plaintiff realleges and incorporates by reference the allegations contained in each preceding paragraph of the Complaint, as though set forth fully herein.

29.     Alternatively, Plaintiff alleges that some or all of the Transfers were property of the Debtor which were made after commencement of the Bankruptcy Case that were not authorized by the Bankruptcy Court or the Bankruptcy Code.

30.     Plaintiff is therefore entitled to an order and judgment against the Defendant under section 549 of the Bankruptcy Code that each of the Transfers is avoided.

## SIXTH CLAIM FOR RELIEF

### (For Damages Against Shareholders for Receiving Improper Distributions – California Corporations Code § 506)

31.     Plaintiff realleges and incorporates by reference the allegations contained in Paragraphs 1 through 12 of the Complaint, as though set forth fully herein.

32.     On or about the Petition Date, the Debtor made distributions of its cash totaling $600,000.00 to Defendant, its sole shareholder.  Such distributions were made while the Debtor was insolvent.

33.     Defendant received these distributions with knowledge that the distributions were improper in that the Debtor was insolvent at the time they were made.

34.     The distributions were made without the consent of the Debtor's creditors.  As a result of the improper distributions, Defendant is liable to the Debtor for the benefit of all creditors in the amount of the distributions made plus interest thereon at the legal rate.

## SEVENTH CLAIM FOR RELIEF

### (For Temporary Restraining Order, Preliminary and Permanent Injunction – 11 U.S.C. § 105 and California Civil Code § 3439.07(a)(3)(A))

35.     Plaintiff realleges and incorporates by reference each and every allegation set forth in paragraphs 1 through 19 above, inclusive, as though fully set forth herein.

36.     As set forth hereinabove, each of the Transfers was fraudulently conveyed to Defendant and voidable under the Bankruptcy Code and the California Uniform Fraudulent Transfer Act (CA Civ Code §§ 3439 *et seq*).  Plaintiff, on behalf of the Debtor, has demanded that Defendant return the Transfers to the Debtor.  However Defendant has failed and refused to comply with said demand.

37.     Defendant's wrongful conduct, unless and until enjoined by this Court, will cause great and irreparable injury to the Debtor.  The Defendant has failed and refused to return the Transfers to the Debtor or to account for the same; and has publicized its own precarious financial condition as well as its inability and/or lack of intention to audit its financial statements, thereby creating an imminent risk that the Transfers will be used or disposed of by Defendant before Debtor has any ability to recover them or any proceeds thereof.

38.     Plaintiff, on behalf of the Debtor, is therefore entitled to an injunction against further disposition by the Defendant of the Transfers or their proceeds, under § 105 of the Bankruptcy Code and § 3439.07(a)(3)(A) of the California Civil Code.

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**WHEREFORE**, Plaintiff prays for judgment as follows:

1.      For a determination that each of the Transfers are avoidable as a preferential, fraudulent, or unauthorized post-petition transfer pursuant to section 544, 547, 548 or 549 of the Bankruptcy Code;

2.      For a determination that each of the Transfers is avoidable as a fraudulent transfer pursuant to the California Uniform Transfer Act (CA Civ. Code §§ 3439 *et seq.*);

3.      For damages pursuant to California Corporations Code § 506 in the sum of $600,000.00, for Defendant's receipt of the illegal distributions made by the Debtor to its shareholder;

4.      For a temporary restraining order, a preliminary and permanent injunction, enjoining Defendant from further disposition of the Transfers or their proceeds;

5.      For prejudgment interest;

6.      For costs of suit incurred herein; and

7.      For such other and further relief as the Court may deem just and proper.

Dated:    September 20, 2010          PACHULSKI STANG ZIEHL & JONES LLP

By    */s/*
          Jeffrey N. Pomerantz (CA Bar No. 143717)
          Ellen M. Bender (CA Bar No. 116987)
          Shirley S. Cho (CA Bar No. 192616)
          [Proposed] Counsel for the Official Committee of Unsecured Creditors

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

# EXHIBIT B



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES
LIMITED LIABILITY PARTNERSHIP

LOS ANGELES, CA
SAN FRANCISCO, CA
WILMINGTON, DE
NEW YORK, NY

10100 SANTA MONICA BLVD.
11th FLOOR
LOS ANGELES
CALIFORNIA 90067-4100

**TELEPHONE: 310/277 6910**
FACSIMILE: 310/201 0760

Shirley S. Cho

September 15, 2010

scho@pszjlaw.com
310/772/2364

**VIA E-MAIL**

ISE Corporation
c/o Marc Winthrop, Esq.
Winthrop Couchot Professional Corporation
660 Newport Center Drive, Ste 400
Newport Beach, CA 92660

ISE Limited
Attn:  Richard Sander, CEO
12302 Kerran St.
Poway, CA 92064

SAN FRANCISCO
150 CALIFORNIA STREET
15th FLOOR
SAN FRANCISCO
CALIFORNIA 94111-4500

TELEPHONE: **415/263 7000**
FACSIMILE: 415/263 7010

DELAWARE
919 NORTH MARKET STREET
17th FLOOR
P.O. BOX 8705
WILMINGTON
DELAWARE 19899-8705

TELEPHONE: **302/652 4100**
FACSIMILE: 302/652 4400

NEW YORK
780 THIRD AVENUE
36th FLOOR
NEW YORK
NEW YORK 10017-2024

TELEPHONE: **212/561 7700**
FACSIMILE: 212/561 7777

WEB: www.pszjlaw.com

    Re: **ISE Corporation ("Debtor")**
      **Chapter 11 Case No. 10-14198**

Dear Marc and Richard:

    As you are aware, our firm has been retained by the Official Committee of Unsecured Creditors (the "Committee") in the above-referenced Chapter 11 case.

    The Committee has reviewed the Statement of Financial Affairs filed by the Debtor on September 8, 2010 [Docket No. 56-2]. On the summary of payments made by the Debtor to insiders, the Debtor discloses that it made three payments totaling $600,000 (the "Payments") to its parent company, ISE Limited ("Parent"), on the date of the filing of the Debtor's bankruptcy petition, or August 10, 2010.  Mr. Sander testified at the 341(a) meeting yesterday that he is not aware if and/or when the Debtor's Board of Directors approved these payments.  Despite the testimony at the 341(a) meeting that the Payments were on account of a loan from the Parent to the Debtor it is not clear to the Committee whether that statement is supported by the facts or whether the Payments were an illegal equity distribution from the Debtor to the Parent.  In that regard, please immediately provide us with the following documents: (i) all

42802-002\DOCS_LA:225071.1



PACHULSKI
STANG
ZIEHL
JONES

LAW OFFICES

September 15, 2010
Page 2

copies of the Debtor's board minutes from this year; (ii) any and all
loan agreements between the Parent and the Debtor evidencing the
$12 million claim and the reference on Schedule F as the Parent
being a creditor of the Debtor; and (iii) a listing of any and all
transfers from the Parent to the Debtor, including the date, amount,
manner of payment (e.g., direct transfer, set-off, credit) and purpose
of each such transfer within the past year.

Whether characterized as repayment of debt or an equity
distribution, the Payments appear to have been improper and are
recoverable by the Debtor's estate as either a preference or
fraudulent conveyance under sections 547 and/or 548 of the
Bankruptcy Code. There was further testimony at the 341(a)
meeting that the Parent remains in possession of the proceeds of the
Payments. Demand is hereby made for the Parent to immediately
transfer the Payments to the Debtor and provide the Committee with
evidence that repayment has occurred.

If we do not receive written confirmation that the Payments
have been repaid by the Parent to the Debtor by Monday, September
20, 2010, we intend to file an action on the Debtor's behalf seeking
to recover the Payments for the benefit of the Debtor's estate,
among other things. Please advise immediately whether the Debtor
will stipulate to the Committee having standing to commence such
an action or whether emergency relief will be necessary.

Very truly yours,

*/s/ Shirley S. Cho*

Shirley S. Cho

cc:    Jeffrey N. Pomerantz
       Committee Members
       U.S. Trustee's Office (c/o Mary Testerman Duvoisin)

# EXHIBIT C



Print Page  Close Window

## ISE DELAYS FILING OF INTERIM FINANCIAL STATEMENTS

SAN DIEGO, CALIFORNIA, Aug 13, 2010 (Marketwire via COMTEX) --

ISE Limited ("ISE" or the "Company") (TSX:ISE) announced today that it will not be able to meet the filing deadline of August 16, 2010 for the filing of its second quarter interim financial statements, CEO and CFO certifications and management's discussion and analysis (collectively the "Required Documents") for the six-month period ending June 30, 2010. The Company cannot confirm when it will be in a position to file the Required Documents.

The delay is a result of the Company's financial position. As announced in its press release of August 10th, the Company's principal operating subsidiary, ISE Corporation, has filed a voluntary petition to reorganize its business under Chapter 11 of the United States Bankruptcy Code. The Company does not currently have the available resources or capacity to have its auditors conduct a review engagement of the interim statements or to prepare management-prepared interim statements, nor does it believe that management-prepared statements would be appropriate in the circumstances.

Due to the failure to file the Required Documents, the applicable Canadian Securities Regulators may, in their discretion, determine that it would be appropriate to issue a general issuer cease trade order affecting all of the Company's securities.

About ISE Limited

ISE Limited (www.isecorp.com) is a leading developer, manufacturer and distributor of Energy Storage Systems (ES Systems) and Heavy Duty Hybrid-Electric Drive Systems (Hybrid Systems). ISE products are developed based on our core proprietary technology, which focuses on three critical subsystems: energy storage, controls software, and power electronics. ISE specializes in series hybrid-electric and all-electric/zero emission technologies, and offers industry-leading ES Systems and Hybrid System components. Over the past 10 years, ISE has sold over 300 Hybrid Systems that have demonstrated reliability and performance in over 13 million miles of fleet operation.

Established in 1995, ISE is headquartered in San Diego, California. ISE's history of innovation and technological leadership has resulted in the design and development of systems and components that deliver superior operating performance. For more information visit www.isecorp.com.

Caution Regarding Forward-Looking Statements

This press release contains forward-looking statements. All statements other than statements of historical fact contained in this press release are forward-looking statements. In some cases, you can identify forward-looking statements by terminology such as "may," "will," "should," "expects," "plans," "project," "anticipates," "believes," "estimates," "predicts," "potential" or "continue" or the negative of these terms or other comparable terminology. These statements are only current predictions and are subject to known and unknown risks, uncertainties and other factors that may cause our or our industry's actual results, levels of activity, performance or achievements to be materially different from those anticipated by the forward-looking statements. Some of these factors are described in greater detail in the "Risk Factors" section of ISE's Prospectus dated February 11, 2010 filed on SEDAR, ISE's Annual Information Form for the year ended December 31, 2009 filed on SEDAR, and ISE's other filings with the Canadian

**NEWS RELEASE**

securities regulatory authorities. These risks and uncertainties include, among others, risks associated with ISE's long and unpredictable sales cycle; risks associated with product liability and warranty claims and the safety of ISE's products; risks relating to ISE's need for additional capital; risks associated with variations in the size, type and timing of customer orders for ISE's products; risks associated with market acceptance and reliability of ISE's products; risks associated with entering into long-term contracts and contracts with governmental agencies; risks associated with the availability, level and terms of government subsidies and incentives; risks associated with customer concentration and ISE's dependence on a small number of suppliers and original equipment manufacturers ("OEMs"); risks associated with ISE's strategic relationships; risks associated with executing ISE's growth strategy in the United States and internationally and scaling up our manufacturing capacity; risks relating to the retention and recruitment of qualified personnel; risks resulting from competition with larger businesses with greater resources; risks associated with technological advancements in ISE's industry; and risks relating to the protection of ISE's intellectual property.

Although ISE believes that the expectations reflected in the forward-looking statements are reasonable, ISE cannot guarantee future results, levels of activity, performance or achievements. Except as required by law, ISE does not intend to update or revise any of the forward-looking statements, whether as a result of new information, future events or otherwise, after the date of this press release.

ISE, the ISE logo and Ultra-E are trademarks of ISE Limited. Other brand or product names are trademarks of their respective holders. Copyright (C) 2010 ISE Limited. All rights reserved.

SOURCE: ISE Limited

ISE Company IR Contact:
ISE Limited
David Morash
Chief Financial Officer
+1 858-413-1720 x655
ISE Media Contact:
ISE Limited
Alex Bernasconi
Senior Vice President, Sales & Marketing
+1 858-413-1720 x775

**PROOF OF SERVICE**

STATE OF CALIFORNIA            )
                              )
COUNTY OF LOS ANGELES         )

     I, Sophia L. Lee, am employed in the city and county of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action; my business address is 10100 Santa Monica Blvd., 11th Floor, Los Angeles, California  90067-4100.

     On September 20, 2010, I caused to be served the **MOTION OF OFFICIAL COMMITTEE OF UNSECURED CREDITORS FOR AUTHORITY TO PURSUE LITIGATION REGARDING UPSTREAMED PAYMENTS TO PARENT ON BEHALF OF DEBTOR; DECLARATION OF SHIRLEY S. CHO IN SUPPORT THEREOF** in this action by placing a true and correct copy of said document(s) in sealed envelopes addressed as follows:

*Please see attached service list*

☑  (BY MAIL) I am readily familiar with the firm's practice of collection and processing correspondence for mailing.  Under that practice it would be deposited with the U.S. Postal Service on that same day with postage thereon fully prepaid at Los Angeles, California, in the ordinary course of business.  I am aware that on motion of the party served, service is presumed invalid if postal cancellation date or postage meter date is more than one day after date of deposit for mailing in affidavit.

☑  (BY NOTICE OF ELECTRONIC FILING) I caused to be served the above-described document by means of electronic transmission of the Notice of Electronic Filing through the Court's transmission facilities, for parties and/or counsel who are registered ECF Users.  (List attached hereto)

☐  (BY FAX) I caused to be transmitted the above-described document by facsimile machine to the fax number(s) as shown.  The transmission was reported as complete and without error.  (Service by Facsimile Transmission to those parties on the attached List with fax numbers indicated.)

☑  (BY OVERNIGHT DELIVERY) By sending via Federal Express to the addressee:

The Hon. Margaret M. Mann
United States Bankruptcy Court
325 West F Street, Room 218
San Diego, CA 92101

     I declare that I am employed in the office of a member of the bar of this Court at whose direction was made.

     Executed on September 20, 2010, at Los Angeles, California.


             /s/Sophia L. Lee
               Sophia L. Lee

PACHULSKI STANG ZIEHL & JONES LLP
ATTORNEYS AT LAW
LOS ANGELES, CALIFORNIA

**In re: ISE Corporation**
**Case No. 10-14198 MM**

**10-14198-MM11 Notice will be electronically mailed to:**

Michael D. Breslauer on behalf of Creditor EL Dorado National - California
mbreslauer@swsslaw.com, wyones@swsslaw.com

Jeffry A. Davis on behalf of Creditor New Flyer Industries of Canada ULC and New Flyer of America, Inc.
jadavis@mintz.com, dsjohnson@mintz.com;jrdunn@mintz.com;aobrient@mintz.com

Sue J. Hodges on behalf of Creditor K&L Gates LLP
sue.hodges@klgates.com

Garrick A. Hollander on behalf of Debtor ISE Corporation
ghollander@winthropcouchot.com, pj@winthropcouchot.com;sconnor@winthropcouchot.com

Karen Morao on behalf of Creditor Ballard Power Systems Inc.
morao.karen@dorsey.com, foohey.pamela@dorsey.com;mikhailevich.jessica@dorsey.com

Abigail Obrient on behalf of Creditor New Flyer Industries of Canada ULC and New Flyer of America, Inc.
aobrient@mintz.com, dsjohnson@mintz.com

Jeffrey N. Pomerantz on behalf of Creditor Committee Official Committee of Unsecured Creditors
jpomerantz@pszjlaw.com, scho@pszjlaw.com

Lisa Torres on behalf of Interested Party Palomar Leasing No. 1 LP
lisa.torres@fennelllaw.com,
luralene.schultz@fennelllaw.com;tracy.schimelfenig@fennelllaw.com;william.fennell@fennelllaw.com;stefanie.becerra@fennelllaw.com

United States Trustee
ustp.region15@usdoj.gov

Victor A. Vilaplana on behalf of Creditor Foley & Lardner LLP
vavilaplana@foley.com

Marc J. Winthrop on behalf of Debtor ISE Corporation
mwinthrop@winthropcouchot.com, pj@winthropcouchot.com

**US Mail Service will be sent to:**

Counsel for Debtor
Garrick A. Hollander, Esq.
Marc J. Winthrop, Esq.
Winthrop Couchot, PC
660 Newport Center Dr., Ste. 400
Newport Beach, CA  92660

Debtor
ISE Corporation
Attn:  Justin Spragg
12302 Kerran Street
Poway, CA 92064

Office of the United States Trustee
Southern District of California
402 West Broadway, Ste. 600
San Diego, CA  92101

**Request for Special Notice**

Counsel for El Dorado National – California
Michael D. Breslauer, Esq.
Yosina M. Lisseback, Esq.
Solomon Ward Seidenwurm & Smith
401 B Street, Suite 2100
San Diego, CA  92101
mbreslauer@swslaw.com
ylissebeck@swsslaw.com

Counsel for New Flyer Industries Canada ULC and
New Flyer of America, Inc.
Jeffry A. Davis, Esq.
Mintz Levin Cohn Ferris Glovsky and Popeo, P.C.
3580 Carmel Mountain Road, Suite 300
San Diego, CA 92130
jadavis@mintz.com

Alison D. Bauer
Torys LLP
237 Park Avenue
New York, NY 10017-3142
abauer@torys.com

Counsel for Suntron Corporation
Paul R. Glassman, ESq.
Greenberg Traurig, LLP
2450 Colorado Avenue, Suite 400E
Santa Monica, CA 90404
starra@gtlaw.com

Counsel for NGP Energy Technology Partners, L.P
William R Baldiga, Esq.
Brown Rudnick LLP
One Financial Center
Boston, Massachusetts 02111
wbaldiga@brownrudnick.com

Counsel for Creditors and Parties in Interest Foley & Lardner LLP
Victor A. Vilaplana
Foley & Lardner LLP
402 West Broadway, Suite 2100
San Diego, CA 92101
vavilaplana@foley.com

Counsel for Pomerado Leasing No. 1 LP, Landlord
Lisa Torres, Esq.
Tracy L. Schimelfenig, Esq.
Law Office of William P. Fennell, APLC
1111 Sixth Avenue, Suite 404
San Diego, CA 92101

Counsel for Creditor and Party-in-Interest
K&L Gates LLP
Sue J. Hodges, Esq.
K&L Gates LLP
3580 Carmel Mountain Road, Suite 200
San Diego, CA 92130
sue.hodges@klgates.com

Counsel for Iron Mountain Information Management, Inc.
Frank F. McGinn
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Fl.
Boston, MA 02110
ffm@bostonbusinesslaw.com

<u>Counsel to Ballard Power Systems Inc.</u>
Eric Lopez Schnabel, Esq.
Dorsey & Whitney LLP
300 Delaware Avenue, Suite 1010
Wilmington, DE 19801
schnabel.eric@dorsey.com