1  Jeffrey N. Pomerantz (CA Bar No. 143717)
   Shirley S. Cho (CA Bar No. 192616)
2  PACHULSKI STANG ZIEHL & JONES LLP
   150 California Street, 15th Floor
3  San Francisco, California  94111-4500
   Telephone: 415/263-7000
4  Facsimile:  415/263-7010
   Email:  jpomerantz@pszjlaw.com
5          scho@pszjlaw.com

6  Counsel for the Official Committee of Unsecured Creditors

7

8  <center>UNITED STATES BANKRUPTCY COURT</center>

9  <center>Southern District of California</center>

| | |
|---|---|
| 10  In re: | Case No.: 10-14198 MM |
| 11  ISE CORPORATION, | Chapter 11 |
| 12              Debtor | **OBJECTION TO NOTICE OF LODGMENT OF ORDER ON MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH SECTION 365(N)(4) [RE DOCKET NO. 168]** |

**TO THE HONORABLE MARGARET MANN, UNITED STATES BANKRUPTCY JUDGE, PARTIES REQUESTING SPECIAL NOTICE, AND THE OFFICE OF THE UNITED STATES TRUSTEE:**

The Official Committee of Unsecured Creditors (the "Committee") objects to the Notice of Lodgment of Order on Motion of New Flyer for an Order Compelling Compliance with Section 365(n)(4) [Docket No. 168] on the following grounds:

In connection with the underlying Motion to Compel, the Committee filed a Statement on September 20, 2010 stating that while the Committee took no position with respect to the underlying merits of that motion, that any funds, if received by the Debtor, should be segregated and held in trust until a further order is entered with regard to the disposition of such funds after appropriate notice to parties.  [Docket No. 93]  In its Statement, the Committee further reserved all rights with

42802-002\DOCS_LA:226356.1

1

respect to the disposition of those funds. *Id.*

Prior to the hearing on October 4, 2010, the Committee signed off on the form of an Order that satisfied the Committee's concerns, which provided that no amounts held in escrow would be released "without further order of this Court upon prior notice to the parties to this Order, including the Committee. . ." [Docket No. 134, Ex. A, ¶ 7]

After the most recent hearing that occurred on October 4, 2010, the Committee was sent the form of an Order that eliminated the requirement of notice to parties and a further Court order prior to the release of the funds from escrow, but rather provides now that the funds can be released only upon consent of the parties to the escrow agreements, without prior notice to any party or without a Court order:

> 6. No amounts deposited pursuant to paragraphs 4 and 5 herein shall be released to New Flyer, Ballard, the Debtor or any other person without the agreement of New Flyer and ISE with respect to the amounts deposited pursuant to paragraph 4, the agreement of New Flyer, ISE and Ballard with respect to the amounts deposited pursuant to paragraph 5, or further order of this Court upon prior notice to the Appearing Parties, the United States Trustee, and any party that has filed a request for special notice.

*See* Docket No. 168, Ex. A ¶ 6:

The Committee requested that the following underlined language be inserted into paragraph 6 of the Order to provide that the escrowed funds would not be released prior to further notice and Court order, but such request was rejected:

> 6. No amounts deposited pursuant to paragraphs 4 and 5 herein shall be released to New Flyer, Ballard, the Debtor or any other person without the agreement of New Flyer and ISE with respect to the amounts deposited pursuant to paragraph 4, the agreement of New Flyer, ISE and Ballard with respect to the amounts deposited pursuant to paragraph 5, <u>in each case pursuant</u> to further order of this Court upon prior notice to the Appearing Parties, the United States Trustee, and any party that has filed a request for special notice.

Ballard does not have any objection to inserting the Committee's above proposed language.

42802-002\DOCS_LA:226356.1

2

Any funds held by the Bankruptcy Court clerk, if and when released, will redound to the benefit of unsecured creditors. As the Committee is a party of interest in this matter, at a minimum, the Committee should be entitled to notice before the funds are released from the escrow account to be held with the Clerk of the Bankruptcy Court.

Dated:   October 8, 2010                     PACHULSKI STANG ZIEHL & JONES LLP

                                             By   */s/ Shirley S. Cho*
                                                  Shirley S. Cho
                                                  Counsel for the Official Committee of
                                                  Unsecured Creditors