| | |
|---|---|
| 1 | Jeffry A. Davis (SBN 103299) |
| 2 | Joseph R. Dunn (SBN 238069) |
|   | Abigail V. O'Brient (SBN 265704) |
| 3 | **MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.** |
|   | 3580 Carmel Mountain Road, Suite 300 |
| 4 | San Diego, CA 92130 |
|   | Tel:     858-314-1500 |
| 5 | Fax:    858-314-1501 |
| 6 | William F. Gray, Jr. (*Pro Hac Vice*) |
|   | Alison D. Bauer (*Pro Hac Vice*) |
| 7 | **TORYS LLP** |
|   | 237 Park Avenue |
| 8 | New York, NY 10017-3142 |
|   | Tel:     212-880-6000 |
| 9 | Fax:    212-682-0200 |
| 10 | Attorneys for New Flyer Industries Canada ULC and |
| 11 | New Flyer of America Inc. |

UNITED STATES BANKRUPTCY COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re | Case No. 10-14198-MM11 |
| ISE Corporation, | Chapter 11 |
| Debtor. | **RESPONSE TO OBJECTION TO NOTICE OF LODGMENT OF ORDER ON MOTION OF NEW FLYER FOR AN ORDER COMPELLING COMPLIANCE WITH SECTION 365(N)(4)** |
| | Date:    September 22, 2010 |
| | Time:   3:00 p.m. |
| | Dept:    1 |
| | Judge:  Margaret M. Mann |

    New Flyer Industries Canada ULC and New Flyer of America Inc. ("New Flyer") reply to the Objection to Notice of Lodgment of Order on the Motion of New Flyer for an Order Compelling Compliance with Section 365(n)(4) (the "Notice of Lodgment") filed by the Official Committee of Unsecured Creditors (the "Committee") as follows:

    1.    Debtor's counsel is out of town over the Columbus Day weekend and is believed to be without email coverage. Accordingly, if the Court is considering changing its ruling made in open

1

5045679v.1

1  court, the Court should at least wait to hear from Debtor's counsel before setting aside the ruling it
2  made at the Debtor's request at the October 6th hearing.

3      2.    The Committee seeks to set aside a specific ruling of the Court without filing a
4  motion for reconsideration. The Debtor specifically requested that the Court not change the terms of
5  the warranty escrow agreement between New Flyer and the Debtor by requiring court approval
6  before release of funds from the warranty escrows. The Court heard argument on the issue. There
7  was no objection to the Debtor's proposal that the Court not modify the Debtor's and New Flyer's
8  contractual rights to allow release of funds from the escrows on the agreement of the contracting
9  parties. Counsel for the Committee was in attendance at the hearing and made no objection.
10 Finding merit in the Debtor's proposal, the Court directed that it be included in the order. Now, the
11 Committee seeks to hold the proposed order hostage to force its late-discovered position on the
12 Court and the other parties who properly used the hearing for its intended purpose, to raise issues
13 and objections with the Court so the Court could make an appropriate decision.

14     3.    New Flyer's lodged order properly reflects this Court's ruling. The Committee is no
15 different than any other party in interest. It is required to raise its objection to matters before the
16 Court in oral argument and not wait until an order is lodged to suddenly raise positions that it sat
17 silent on during oral argument. Orders prepared by counsel are supposed to accurately reflect the
18 Court's ruling. The order lodged by New Flyer does exactly that. The Committee's effort to use the
19 lodged order process to raise new issues creates a very dangerous precedent allowing parties to
20 submit orders that markedly differ from specific rulings stated by the Court on direct issues raised
21 during a hearing attended by counsel for all parties in interest.

22     4.    The change sought by the Committee is directly contrary to the Court's ruling. In
23 fact, it sets the Court's ruling completely aside. As such, the Committee should advance its position
24 by appropriate motion or appeal, only after the order lodged by New Flyer is entered. If the
25 Committee doesn't like the Court's order, it should use available procedural processes such as a
26 motion for reconsideration or an appeal, and not request the Court enter an order 180 degrees
27 opposite of the Court's clearly articulated ruling.
28

5045679v.1

For the foregoing reasons, New Flyer requests that the Court enter the order lodged by New Flyer and overrule the Committee's objection.

Dated: October 8, 2010

/s/ Jeffry A. Davis
Jeffry A. Davis
Joseph R. Dunn
Abigail V. O'Brient
**MINTZ LEVIN COHN FERRIS GLOVSKY AND POPEO P.C.**

and

William F. Gray, Jr.
Alison D. Bauer
**TORYS LLP**
237 Park Avenue
New York, New York 10017

Attorneys for New Flyer Industries Canada ULC and New Flyer of America Inc.