MARC J. WINTHROP -- State Bar No. 63218
mwinthrop@winthropcouchot.com
GARRICK A. HOLLANDER -- State Bar No. 166316
ghollander@winthropcouchot.com
PAYAM KHODADADI -- State Bar No. 239906
pkhodadadi@winthropcouchot.com
**WINTHROP COUCHOT**
**PROFESSIONAL CORPORATION**
660 Newport Center Drive, Ste 400
Newport Beach, CA 92660
Telephone:  (949) 720-4100
Facsimile:  (949) 720-4111

[Proposed] General Insolvency Counsel for
Debtor and Debtor-in-Possession

## UNITED STATES BANKRUPTCY COURT

## SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re:<br><br>ISE CORPORATION,<br><br><br>       Debtor and<br>       Debtor-in-Possession. | Case No. 10-14198-11 MM<br><br>Chapter 11 Proceeding<br><br>**DEBTOR'S MOTION FOR ORDER APPROVING THE SALE OF CERTAIN SPECIALIZED COMPONENTS, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS SCOTT AVILA IN SUPPORT THEREOF**<br><br>**[11 U.S.C. §§ 363]**<br><br>DATE:     October 20, 2010<br>TIME:     11:00 A.M.<br>PLACE:    Department No. 1, Room 218 |

1    **TO THE HONORABLE MARGARET M. MANN, UNITED STATES**

2    **BANKRUPTCY JUDGE, THE OFFICE OF THE UNITED STATES TRUSTEE, AND**

3    **OTHER PARTIES-IN-INTEREST:**

4          ISE Corporation, a California corporation, the debtor and debtor-in-possession in the

5    above-entitled Chapter 11 case ("Debtor"), hereby moves (the "Motion"), this Court for an order

6    approving the sale of certain highly specialized components free and clear of all liens and interests

7    pursuant to Section 363 of the Bankruptcy Code.

8          This Motion is based on the Memorandum of Points and Authorities set forth hereinbelow,

9    the Declaration of Thomas Scott Avila (the "Avila Declaration") appended hereto, all pleadings,

10   papers and records on file with the Court and such other evidence, oral or documentary, as may be

11   presented to the Court on the within Motion.

12         **WHEREFORE,** the Debtor prays that this Court enter an order:

13         1.      Authorizing the sale, on an "as is where is" basis without any representations or

14   warranties, of 12,500 ultracapacitor cells (the "Assets"), to Maxwell Technologies, Inc.

15   ("Maxwell") for $250,000 in cash;

16         2.      Authorizing the sale of the Assets free and clear of all liens, charges, security

17   interests, encumbrances or liabilities, including successor liabilities pursuant to Section 363 of the

18   Bankruptcy Code or any adverse claims (collectively, "Liens and Encumbrances"), if any,

19   pursuant to Section 363(f) of the Bankruptcy Code, with the Liens and Encumbrances attaching to

20   the net proceeds in the pre-existing order of priority;

21         3.      With appropriate findings of the Court regarding the adequacy of notice to creditors

22   and parties in interest relating to the within Motion;

23         4.      With appropriate findings of the Court establishing: (i) the good faith of the Debtor

24   and Maxwell in connection with the negotiation, execution, delivery, and consummation of the

25   sales of the assets; and (ii) the arms-length nature of such negotiations and transactions, together

26   with such other findings as are necessary to ensure that the Debtor and the Maxwell are entitled to

27

28

1    the protection afforded by Section 363(m) of the Bankruptcy Code with respect to the transaction

2    approved in such Court order;

3         5.      Authorizing the Debtor to execute all documents and perform all acts as may be

4    necessary to consummate the transaction contemplated thereby;

5         6.      Waiving the ten (10) day stay of order provided in Rule 6004(g) of the Federal

6    Rules of Bankruptcy Procedure; and

7         7.      Granting such other and further relief as the Court deems just and appropriate.

8    DATED: October 15, 2010         **WINTHROP COUCHOT**

9                                    **PROFESSIONAL CORPORATION**

10                                  By: _____

11                                      Marc J. Winthrop

12                                      Garrick A. Hollander
                                  Payam Khodadadi

13                                      [Proposed] General Insolvency Counsel for
                                  Debtor and Debtor-in-Possession

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DEBTOR'S MOTION FOR ORDER APPROVING THE SALE OF CERTAIN SPECIALIZED COMPONENTS,
FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; MEMORANDUM OF POINTS
AND AUTHORITIES AND DECLARATION OF THOMAS SCOTT AVILA IN SUPPORT THEREOF
MAINDOCS-#153194-v2-ISE_Mtn_Sell_Inventory.DOC

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.

### STATEMENT OF FACTS

**A.    General Background of Debtor.**

The Debtor is a California corporation with its corporate office located in Poway, California.  The Debtor was incorporated in January 1995.  The Debtor is a developer, manufacturer and distributor of heavy duty hybrid-electric drive systems based on the Debtor's core proprietary technology, which is focused on three critical subsystems: energy storage, controls software and power electronics.  These core technologies and subsystems are critical for hybrid or all-electric vehicles to achieve the most efficient management of energy.

**B.    Secured Debt.**

There are no liens recorded or asserted against the Assets, as reflected in the UCC-1 filings with the California Secretary of State.

### II.

### THE PROPOSED SALE OF THE ASSETS

### IS IN THE BEST INTEREST OF THE DEBTOR'S ESTATE

The Debtor seeks to sell the Assets for $250,000 cash to Maxwell.  The Debtor originally obtained these highly specialized components from Maxwell for cash and other consideration valued at approximately $497,000.  These components are not necessary for the Debtor's business at this time.  The Debtor cannot return these components and has been trying to find a buyer for these assets for a while, but there is a very limited number of buyers that could potentially use and be interested in purchasing these components.  The Debtor has been negotiating with Maxwell for the last couple of weeks and has finally reached agreement on the purchase price.  The purchase price of $250,000 represents the highest and best offer received by the Debtor.  The Debtor believes that the proposed sale price is fair and reasonable.  Moreover, the Assets are providing no

-4-

value to the estate in their current form.  Based on the foregoing, the Debtor believes that it is in the best interests of the estate to sell the Assets to Maxwell.

### III.

### THIS COURT SHOULD APPROVE THE EXERCISE OF
### THE DEBTOR'S DISCRETION TO SELL THE ASSETS

Section 363(b) of the Bankruptcy Code empowers a debtor in possession to "sell . . . other than in the ordinary course of business, property of the estate" (11 U.S.C. § 363(b)), which is to be exercised at the court's discretion.[1]  In considering a proposed sale under §363(b)(1), courts have generally looked to the existence of a "business justification" for the proposed sale.[2]

In Lionel, the Second Circuit Court of Appeals held that the touchstone for the proper exercise of the debtor's discretion is a legitimate business justification. Id. at 1071.  The Second Circuit in Lionel adopted, in part, the following criteria for evaluating whether a good business reason exists for authorizing a sale of the debtor's assets: (1) whether the assets to be sold are decreasing or increasing in value; (2) the effect of the planned sale on a plan of reorganization; and (3) whether the sale price of the assets compares to the appraised value of the assets to be sold. Id. at 1071.

### A.    The Assets Are Decreasing in Value.

As set forth above, the Debtor does not need the Assets for its operations.  Accordingly, as used parts, its value will only decrease in time.

---

[1] In re Walter, 83 B.R. 14, 19 (9th Cir. BAP 1988); In re WPRV-TV, 983 F.2d 336, 340 (1st Cir. 1993); New Haven Radio, Inc. v. Meister (In re Martin-Trigona), 760 F.2d 1334, 1346 (2d Cir. 1985); Committee of Equity Sec. Holders v. Lionel Corp. (In re Lionel Corp.), 722 F.2d 1063, 1069 (2d Cir. 1983) ("Lionel"); Stephens Indus., Inc. v. McClung, 789 F.2d 386, 390-91 (6th Cir. 1986).
[2] See, e.g., Stephens Industries, Inc. v. McClung, 789 F.2d 386, 390 (6th Cir. 1986); In re Baldwin United Corp., 43 B.R. 888, 905 (Bankr. S.D. Ohio 1984).

B.      **Sale of the Assets Will Enable the Debtor to Preserve and Maximize Going**
        **Concern Value**

The Assets in their current state provide no value to the estate.  In contract, however, converting these unused parts into $250,000 cash will allow the Debtor to better deploy its working capital to fulfill orders and otherwise sustain its operations for the preservation of value as a going concern.  The longer the Debtor can preserve its operations, the more time its investment bankers can spend time on marketing the sale of the business to ultimately maximize value for the estate and its creditors.

C.      **The Debtor Has Taken Measures to Assure that the Assets Are Sold at Fair**
        **Market Value.**

The Ninth Circuit has held that the "fair market value" of an asset is that which a party is willing to pay for such asset in the context of a commercially reasonable transaction.  <u>See</u>, <u>e.g.</u>, <u>Romey v. Sun National Bank (In re Two "S" Corporation)</u>, 875 F.2d 240, 243 (9th Cir. 1989) ("<u>Two 'S'</u>") (holding that, for purposes of valuing secured claims under section 506(a), the best evidence of fair market value of property secured by a lien is the price of such property reached in a commercially reasonable sale).

As indicated in the Avila Declaration, the Debtor tried to sell these parts but received only one offer.  Accordingly, the purchase price of $250,000 offered by the Maxwell represents the highest and best offer received by the Debtor.  The Debtor believes that such evidence supports this Court's finding that the sale proposed herein has been conducted in a commercially reasonable manner.  Under the analysis of the Ninth Circuit Court of Appeals in the <u>Two "S"</u> case, the Debtor believes that such commercially reasonable sale represents the fair market value of the Assets.

-6-

## IV.

## THE COURT SHOULD APPROVE THE SALE FREE

## AND CLEAR OF LIENS, CLAIMS AND INTERESTS

The Debtor is seeking authority to sell the Assets free and clear of all Liens and Encumbrances pursuant to Section 363(f) of the Bankruptcy Code. Section 363(f) of the Bankruptcy Code describes the circumstances under which a trustee or a debtor may sell property of the estate free and clear of any interest of third parties in such property. Section 363(f) provides:

> The Debtor may sell property under subsection (b) or (c) of this section free and clear of any interest in such property of an entity other than the estate, only if -
> - (1) applicable non-bankruptcy law permits sale of such property free and clear of such interest;
> - (2) such entity consents;
> - (3) such interest is a lien and the price at which such property is to be sold is greater than the aggregate value of all liens on such property;
> - (4) such interest is in a bona fide dispute; and
> - (5) such entity could be compelled, in a legal or equitable proceeding, to accept a money satisfaction of such interest.

11 U.S.C. §363(f).

Here, the Assets are not subject to any security interest, and to the extent any party were to assert a security interest in the Assets, then the Debtor disputes such security interest. To the extent that any party claims a security interest in the Assets, or a security interest is discovered with respect to the Assets in the future, the Debtor requests that the order provide that the sale of the Assets is provided the protections of Section 363(f) of the Bankruptcy Code.

## V.

## PURCHASER IS ENTITLED TO A GOOD FAITH

## FINDING UNDER BANKRUPTCY CODE SECTION 363(m)

Bankruptcy Code Section 363(m) provides:

> "The reversal or modification on appeal of an authorization under subsection (b) or (c) of this section of a sale or lease of property does not affect the validity of a sale or lease under such authorization to any entity that purchased

-7-

1  or leased such property in good faith, whether or not such entity knew of the pendency of the appeal, unless such authorization and such sale or lease were

2  stayed pending appeal." *11 U.S.C. § 363 (m)*.

3      A good faith purchaser under Section 363(m) is one who purchases for "value" and there is

4  no fraud or collusion in the bidding process.  In In re Filtercorp, Inc., 163 F.3d 570 (9th Cir. 1998),

5  the Ninth Circuit held that an insider-purchaser was a good faith purchaser under Section 363(m):

6      [T]he bankruptcy court found that Gateway Lenders was a purchaser in good faith for all purposes including 11 U.S.C. § 363 (m). This finding is not

7      clearly erroneous.  **A good faith buyer "is one who buys 'in good faith' and 'for value'.'** " Ewell v. Diebert (In re Ewell), 958 F.2d 276, 281 (9th

8      Cir.1992) (citing In re Abbotts Dairies of Pennsylvania, Inc., 788 F.2d 143, 147 (3d Cir.1986)).  "**[L]ack of good faith is [typically] shown by 'fraud,**

9      **collusion between the purchaser and other bidders or the trustee, or an**

10      **attempt to take grossly unfair advantage of other bidders.'** " Id. (*quoting*

11      Community Thrift & Loan v. Suchy (In re Suchy), 786 F.2d 900, 902 (9th Cir.1985)).

12  Id. at 577.

13      In this case, the purchase price of $250,000 being paid for the Assets clearly represents a

14  purchase for "value" for the estate.  In addition, there has been no fraud or collusion in the sale

15  process nor has there been any "self-dealing" or manipulation with respect to the sale of the

16  Assets.  Moreover, the sale was negotiated in an arm's-length transaction by two unrelated parties.

17  Based on the foregoing, the Debtor submits that the Maxwell is a good faith purchaser under

18  Section 363(m) and is entitled to the protections thereof.

19                                         **VI.**

20      **THE COURT HAS THE DISCRETION TO SHORTEN THE TEN-DAY**

21      **PERIOD FOR THE EFFECTIVENESS OF THE ORDER**

22      Bankruptcy Rule 6004(g) states: "An order authorizing the use, sale, or lease of property

23  other than cash collateral is stayed until the expiration of 10 days after entry of the order, *unless the*

24  *court orders otherwise*."  The legislative history states: "The court may, in its discretion, order that

25  Rule 6004(g) is not applicable so that the property may be used, sold, or leased immediately in

26

27                                         -8-

28

1  accordance with the order entered by the court. Alternatively, the court may order that the stay
2  under Rule 6004(g) is for a fixed period less than 10 days."
3       For the reasons set forth herein, the Debtor requests that the Court order and authorize that
4  the sale may be effectuated immediately upon entry of the order.

**VII.**

**CONCLUSION**

7       For the foregoing reasons, the Debtor respectfully requests that the Court grant the relief
8  prayed for herein, and grant to the Debtor such other and further relief that may be just and
9  appropriate under the facts of this case.

10  DATED: October 15, 2010                    **WINTHROP COUCHOT**
                                               **PROFESSIONAL CORPORATION**

12                                             By: _____
13                                                 Marc J. Winthrop
                                                   Garrick A. Hollander
14                                                 Payam Khodadadi
                                                   [Proposed] General Insolvency Counsel for
15                                                 Debtor and Debtor-in-Possession

-9-

## DECLARATION OF THOMAS SCOTT AVILA

I, Thomas Scott Avila, hereby declare and state as follows:

1.      I am the Chief Financial Officer of ISE Corporation, a California corporation, the Debtor and Debtor in Possession herein.  The facts stated herein are within my personal knowledge, whether acquired directly, or through my familiarity with the Debtor's books and records in my capacity as an officer.  The opinions expressed herein represent the opinions of the Debtor entity, of which I am an authorized agent, unless otherwise indicated.

2.      The Debtor is a California corporation with its corporate office located in Poway, California.  The Debtor was incorporated in January 1995.  The Debtor is a developer, manufacturer and distributor of heavy duty hybrid-electric drive systems based on the Debtor's core proprietary technology, which is focused on three critical subsystems: energy storage, controls software and power electronics.  These core technologies and subsystems are critical for hybrid or all-electric vehicles to achieve the most efficient management of energy.

3.      There are no liens recorded or asserted against the Assets, as reflected in the UCC-1 filings with the California Secretary of State.

4.      The Debtor seeks to sell the Assets for $250,000 cash to Maxwell.  The Debtor originally obtained these highly specialized components from Maxwell for cash and other consideration valued at approximately $497,000.  These components are not necessary for the Debtor's business at this time.  The Debtor cannot return these components and has been trying to find a buyer for these Assets for a while, but there is a very limited number of buyers that could potentially use and be interested in purchasing these components.  The Debtor has been negotiating with Maxwell for the last couple of weeks and has finally reached agreement on the purchase price.  The purchase price of $250,000 represents the highest and best offer received by the Debtor.  I believe that the proposed sale price is fair and reasonable.  Moreover, the Assets are providing no value to the estate in their current form.  Based on the foregoing, I believe that it is in the best interests of the estate to sell the Assets to Maxwell.

-10-

5.      As set forth above, the Debtor does not need the Assets for its operations. Accordingly, as used parts, I believe that the value of the Assets will only decrease in time.

6.      The Assets in their current state provide no value to the estate.  In contract, however, converting these unused parts into $250,000 cash will allow the Debtor to better deploy its working capital to fulfill orders and otherwise sustain its operations for the preservation of value as a going concern.  The longer the Debtor can preserve its operations, the more time its investment bankers can spend time on marketing the sale of the business to ultimately maximize value for the estate and its creditors.

I declare that the foregoing is true and correct under the penalty of perjury.

Executed this ___ day of October 2010 at Poway, California.

_____
Thomas Scott Avila

-11-

**NOTE:** When using this form to indicate service of a proposed order, **DO NOT** list any person or entity in Category I. Proposed orders do not generate an NEF because only orders that have been entered are placed on the CM/ECF docket.

### PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is: 660 Newport Center Drive, 4th Fl., Newport Beach, CA 92660.

A true and correct copy of the foregoing document described as: **DEBTOR'S MOTION FOR ORDER APPROVING THE SALE OF CERTAIN SPECIALIZED COMPONENTS, FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; MEMORANDUM OF POINTS AND AUTHORITIES AND DECLARATION OF THOMAS SCOTT AVILA IN SUPPORT THEREOF** will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner indicated below:

**I. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")** – Pursuant to controlling General Order(s) and Local Bankruptcy Rule(s) ("LBR"), the foregoing document will be served by the court via NEF and hyperlink to the document. On October 15, 2010, I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following person(s) are on the Electronic Mail Notice List to receive NEF transmission at the email address(es) indicated below:

☒ Service information continued on attached page

**II. SERVED BY U.S. MAIL OR OVERNIGHT MAIL**(indicate method for each person or entity served)**:**
On October 15, 2010 I served the following person(s) and/or entity(ies) at the last known address(es) in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States Mail, first class, postage prepaid, and/or with an overnight mail service addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page

**III. SERVED BY PERSONAL DELIVERY, FACSIMILE TRANSMISSION OR EMAIL** (indicate method for each person or entity served)**:** Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on _____, 2010 I served the following person(s) and/or entity(ies) by personal delivery, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

| | | |
|---|---|---|
| October 15, 2010 | Susan Connor | |
| *Date* | *Type Name* | *Signature* |

-12-

## NEF SERVICE LIST

1
- Michael D. Breslauer   mbreslauer@swsslaw.com, wyones@swsslaw.com
- Shirley Cho   scho@pszjlaw.com
2
- Jeffry A. Davis   jadavis@mintz.com, dsjohnson@mintz.com;jrdunn@mintz.com;aobrient@mintz.com
- Mary Testerman Duvoisin   mary.m.testerman@usdoj.gov,
3
  USTP.region15@usdoj.gov;shannon.m.vencill@usdoj.gov;tiffany.l.carroll@usdoj.gov
- Paul R. Glassman   glassmanp@gtlaw.com
4
- Sue J. Hodges   sue.hodges@klgates.com
- Garrick A. Hollander   ghollander@winthropcouchot.com,
5
  pj@winthropcouchot.com;sconnor@winthropcouchot.com
- Karen Morao   morao.karen@dorsey.com, foohey.pamela@dorsey.com;mikhailevich.jessica@dorsey.com
6
- Abigail Obrient   aobrient@mintz.com, dsjohnson@mintz.com
- Jeffrey N. Pomerantz   jpomerantz@pszjlaw.com, scho@pszjlaw.com
7
- Lisa Torres   lisa.torres@fennelllaw.com,
  luralene.schultz@fennelllaw.com;tracy.schimelfenig@fennelllaw.com;william.fennell@fennelllaw.com;stefan
8
  ie.becerra@fennelllaw.com
- United States Trustee   ustp.region15@usdoj.gov
9
- Victor A. Vilaplana   vavilaplana@foley.com
- Marc J. Winthrop   mwinthrop@winthropcouchot.com, pj@winthropcouchot.com
10

### SERVICE VIA OVERNIGHT, NEXT DAY, DELIVERY
#### (Unless NEF indicated)

11

12

| | | |
|---|---|---|
| ISE Corporation<br>Richard J. Sander, President & CEO<br>12302 Kerran St.<br>Poway, CA 92064 | U.S. Trustee's Office<br>Mary Testerman DuVoisin, Esq.<br>402 W. Broadway, Suite 600<br>San Diego, CA 92101-8511 | ISE SpecialNotice/Committee<br>Document No. 150187 |
| NEF 9/9/10<br>Committee Counsel<br>Jeffrey N. Pomerantz/Shirley S. Cho<br>10100 Santa Monica Blvd., 11th Fl.<br>Los Angeles, CA 90067-4100 | Buyer<br>Maxwell Technologies<br>Attn:  Corporate Officer<br>9244 Balboa Ave.<br>San Diego, CA 92123 | Buyer<br>Maxwell Technologies/Global Hdqt<br>Attn:  Legal Dept.<br>5721 Viewridge Court, #100<br>San Diego, CA 92123 |
| Secured Creditor<br>CIT Technology Financing Services<br>Attn:  Corporate Officer<br>10201 Centurion Parkway North, Suite 100<br>Jacksonville, FL 32256 | | -NEFSecured-RSN 8/10/10<br>New Flyer<br>c/o Minitz Levin, etc.<br>Jeffrey A. Davis<br>3580 Carmel Mountain Rd., #300<br>San Diego, CA 92130 |
| Secured -RSN 8/10/10<br>New Flyer<br>c/o Troys LLP<br>William F. Gray, Jr.<br>237 Park Avenue]<br>New York, NY 10017-3142 | RSN 8/18/10&CrtManual<br>Suntron Corporation<br>c/o Greenberg Traurig, LLP<br>Paul R. Glassman, Esq.<br>2450 Colorado Ave., #400E<br>Santa Monica, CA 90404 | RSN 8/19/10<br>NGP Energy Technology Partners,<br>LP<br>c/o William R. Baldiga, Esq.<br>Brown Rudnick LLP<br>One Financial Center<br>Boston, MA 02111 |
| NEF RSN 8/23/10<br>Foley & Lardner LLP<br>Victor A. Vilaplana, Esq.<br>402 W. Broadway, #2100<br>San Diego, CA 92101-3510 | NEF RSN 8/27/10<br>Pomerado Leasing No. 1 LP<br>c/o Law Offices of William P.<br>Fennell<br>Lisa Torres, Esq.<br>1111 Sixth Ave., #404<br>San Diego, CA 92101 | NEF 9/9/10<br>El Dorado National – California<br>c/o Michael D. Breslauer, Esq.<br>Solomon Ward, Seidenwurm &<br>Smith<br>401 B Street, #1200<br>San Diego, CA 92101 |

-13-

1

RSN 9/10/10

K&L Gates LLP
c/o Sue J. Hodges, Esq.
3580 Carmel Mountain Rd., #200
San Diego, CA 92130

9/13/10CrtManual

Iron Mountain Information
Management, Inc.
c/o Frank F. McGinn, Esq.
Bartlett Hackett Feinberg P.C.
155 Federal Street, 9th Floor
Boston, MA 02110

9/13/10CrtManual

Steven O. Gasser-
(NO ADDRESS GIVEN

RSN

9/30/10

Financial Advisors To Committee
Gregg Weisstein
Alexander O. Koles
BDO USA, LLP
3200 Bristol St.

9/24/10CrtManual

Sandra Hibberd
(No address given)

10/14/10CrtManual

Apache Future, LLC
(No address given)

10/14/10 CrtManual

BDO USA LLP
3200 Bristol St.
Costa Mesa, CA 92626

10/14/10 CrtManual

William R Baldiga
Brown Rudnick LLP
One Financial Center
Boston, MA 02111

-14-

DEBTOR'S MOTION FOR ORDER APPROVING THE SALE OF CERTAIN SPECIALIZED COMPONENTS,
FREE AND CLEAR OF LIENS, CLAIMS, AND INTERESTS; MEMORANDUM OF POINTS
AND AUTHORITIES AND DECLARATION OF THOMAS SCOTT AVILA IN SUPPORT THEREOF

MAINDOCS-#153194-v2-ISE_Mtn_Sell_Inventory.DOC